**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM HOWE | ) | CASE NO.: 5:06 CV 2779 |
| 522 Herbert Road | ) | |
| Akron, Ohio 44312 | ) | |
| | ) | |
| and | ) | JUDGE: ADAMS |
| | ) | Mag. Judge Gallas |
| BRADLEY CARR | ) | |
| 669 Upper Merriman Drive | ) | |
| Akron, Ohio 44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID P. HULL | ) | |
| 417 Watson Street | ) | |
| Akron, Ohio 44305 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID O'NEAL | ) | |
| 917 Perry Drive | ) | |
| Akron, Ohio 44313 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LESLIE GAISER | ) | |
| 182 Hilbish Avenue | ) | |
| Akron, Ohio 44312 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN SANTEE | ) | |
| 1190 Pitkin Avenue | ) | |
| Akron, Ohio 44310 | ) | |
| | ) | |

| | |
|---|---|
| and | ) |
| | ) |
| MICHAEL HAUSCH | ) |
| 257 Crescent Drive | ) |
| Akron, Ohio 44301 | ) |
| | ) |
| and | ) |
| | ) |
| JEFFERY LAYNE | ) |
| 1113 Trentwood Avenue | ) |
| Akron, Ohio 44313 | ) |
| | ) |
| and | ) |
| | ) |
| BRUCE CLOUGH | ) |
| 1031 West Market Street | ) |
| Akron, Ohio 44313 | ) |
| | ) |
| and | ) |
| | ) |
| WILLIAM YOXTHIMER | ) |
| 341 Mowbray Road | ) |
| Akron, Ohio 44333 | ) |
| | ) |
| and | ) |
| | ) |
| JERRY ELIE | ) |
| 851 Packard Drive | ) |
| Akron, Ohio 44320 | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL DePAUL | ) |
| 71 Robinwood Boulevard | ) |
| Akron, Ohio 44312 | ) |
| | ) |
| and | ) |
| | ) |
| JEFFERY SCHUELLER | ) |
| 2277 Canterbury Circle | ) |
| Akron, Ohio 44319 | ) |
| | ) |
| and | ) |
| | ) |

| | |
|---|---|
| ROBERT ALESTOCK | ) |
| 102 East Wilbeth Road | ) |
| Akron, Ohio 44301 | ) |
| | ) |
| and | ) |
| | ) |
| GREGORY SNYDER | ) |
| 415 Highgrove Boulevard | ) |
| Akron, Ohio 44312 | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL REED | ) |
| 2397 Benton Street | ) |
| Akron, Ohio 44312 | ) |
| | ) |
| and | ) |
| | ) |
| KERRY BRIGGS | ) |
| 309 Mill Race Run | ) |
| Akron, Ohio 44312 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN TRIOLA | ) |
| 1851 Thorn Apple Avenue | ) |
| Akron, Ohio 44301 | ) |
| | ) |
| and | ) |
| | ) |
| BRADLEY ROBSON | ) |
| 3860 Apache Street | ) |
| Uniontown, Ohio 44685 | ) |
| | ) |
| and | ) |
| | ) |
| JEROME CRAWFORD | ) |
| 194 Crimson Trail | ) |
| Tallmadge, Ohio 44278 | ) |
| | ) |
| and | ) |
| | ) |

JAMES FEEMAN )
105 Devonshire Drive )
Akron, Ohio 44312 )
 )
and )
 )
FRANK POLETTA )
2264 Canterbury Circle )
Akron, Ohio 44319 )
 )
and )
 )
JEFFERY DERRENBERGER )
386 Moody Avenue )
Akron, Ohio 44305 )
 )
and )
 )
WILLIAM R. WILKINSON )
1587 Hillside Terrace )
Akron, Ohio 44305 )
 )
and )
 )
BRIAN WEAVER )
574 West Minster )
Akron, Ohio 44319 )
 )
and )
 )
BRIAN JAGGERS )
2136 Cross Creek Trail )
Akron, Ohio 44223 )
 )
and )
 )
JAMES FARINA )
59 Ansel Road )
Akron, Ohio 44312 )
 )
and )
 )

*Page 4 of 18*

| | |
|---|---|
| BRENDA CHAPMAN | ) |
| 718 Mineola Avenue | ) |
| Akron, Ohio 44320 | ) |
| | ) |
| and | ) |
| | ) |
| KEVIN HAGAN | ) |
| 990 Emory Avenue | ) |
| Akron, Ohio 44310 | ) |
| | ) |
| and | ) |
| | ) |
| DEAN PLEVRAKIS | ) |
| 2121 Quayle Drive | ) |
| Akron, Ohio 44312 | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL HARVEY | ) |
| 918 Snowfall Spur | ) |
| Akron, Ohio 44313 | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF AKRON | ) |
| c/o Max Rothal, Law Director | ) |
| 166 S. High Street | ) |
| Akron, Ohio 44308, | ) |
| | ) |
|     Defendant. | ) |

**FIRST AMENDED COMPLAINT**
**(Type: Age Discrimination under the ADEA and the Ohio Civil Rights Act --**
**disparate impact and disparate treatment;**
**race discrimination under Title VII and the Ohio Civil Rights Act-**
**disparate impact and disparate treatment;**
**42 U.S.C. § 1983, Equal Protection, rational relationship & strict scrutiny;**
**declaratory judgment)**

**JURY DEMAND ENDORSED HEREON**

1. Plaintiffs are all firefighter/medics for the City of Akron Division of Fire.

2. Defendant City of Akron is a chartered municipality located in the State of Ohio which operates as part of its governmental services the Division of Fire ("AFD").

3. As part of its operations, Defendant City, through its Civil Service Commission, is responsible for the preparation, administration and scoring of promotional examinations for the AFD as well as other departments and operating divisions of the City.

4. Defendant City has promulgated various ordinances and other regulations relating to the preparations, administration and scoring of promotional examinations, which are the custom, policy and practice of the City of Akron.

**Background**

5. In December 2004, Defendant City of Akron conducted promotional examinations for the ranks of Lieutenant and Captain for AFD.

6. The examinations are part of the overall promotion selection process used by the City to determine who will be selected for promotion to the next higher rank.

7. The promotion process includes preparation, administration and scoring of an examination, creation of the eligibility list and selection of candidates from that eligibility list by the chief of the AFD according to the rules and regulations of the City of Akron Civil Service Commission and the City of Akron.

8. Once an promotion eligibility list is certified by the City of Akron Civil Service Commission for any given rank, it remains in effect for a period of 2 years.

9. Selections for promotion are made from each respective eligibility list under a "Rule of 3," which requires that for each vacant position, the three top-ranked candidates are

considered for the vacancy; promotion selections for each vacancy are drawn from any of the 3 candidates under consideration for that position.

10. Plaintiffs are all firefighter/medics who participated in the promotional selection process seeking promotion to either the rank of Lieutenant or Captain.

11. Plaintiffs William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman participated fully in the promotion process, including successfully and completing the testing for the rank of Captain.

12. Plaintiffs William Yoxthimer, Jerry Elie, Michael DePaul, Jeffrey Schueller, Robert Alestock, Jeffrey Layne, Brian Santee, Bruce Clough, Michael Reed, Kerry Briggs, William Wilkinson, Brian Weaver, Brian Jaggers, Frank Poletta, James Farina, Kevin Hagan, Dean Plevrakis, Michael Harvey and Brenda Chapman participated fully in the promotion process, including completing the testing for the rank of Lieutenant.

13. In the performance of the promotional testing portion of the promotion process, Defendant City retained the services of a testing consultant, E.B. Jacobs, LLC, located in State College, Pennsylvania.

14. E.B. Jacobs, LLC was retained by Defendant City to prepare, administer and score the promotional examinations for the ranks of Lieutenant and Captain.

15. There were many irregularities and deficiencies in both the promotional examinations relating to their content, administration and scoring.

16. During the preparation of the promotional examination, EB Jacobs, LLC failed to conduct any form of pilot testing prior to the administration of the promotional

examinations.

17. The job analysis performed by EB Jacobs was deficient in that it was a "streamlined" process that failed to include several of the most critical aspects of the duties of either Lieutenant or Captain within AFD.

18. Neither the Lieutenant's nor the Captain's examination included any questions drawn from the Rules and Regulations for the AFD.

19. It is upon the AFD Rules and Regulations that the officers of the Division are expected to adhere and enforce and is the single most important responsibility of a Division of Fire officer.

20. Both promotional examinations included questions relating to tools and equipment not even used by AFD.

21. The oral assessment exercises were conducted and scored by at least 3 separate groups of assessors.

22. In several of the oral assessment exercises, the raters were active participants rather than observers of conduct of the participants.

23. The incident command oral assessment exercise for the rank Lieutenant presented a scenario that would never be encountered by a Lieutenant in the AFD.

24. Weighting of the oral assessment exercises is still unknown, having been requested but never provided by Defendant City.

25. The oral assessment exercises have demonstrated inconsistencies in scoring awarded for similar performances by candidates.

26. There are no tape recordings or other video of audio recordings of any of the oral

exercises for any firefighter examination participant.

27. Oral assessment exercise scores were normed by EB Jacobs.

28. Oral assessment exercises scoring and answer sheets for several firefighter candidates are missing.

29. Because of the total lack of verifiable test responses, it is virtually impossible to review, compare or assess the performance of any given examination participant.

30. Neither the Lieutenant's nor the Captain's promotional examinations are representative of the content of the rank for which they tested.

31. Neither the Lieutenant nor the Captain's promotional examination are capable of being validated under any method of testing validation, be it content, construct or criterion validation.

32. The results for the promotional examination were certified in April 2005; the eligibility list for both ranks expired in April 2007.

33. Defendant City began promoting officers from the certified eligibility lists for these ranks shortly after the lists were certified.

34. Defendant City promoted 11 candidates in rank order from the certified eligibility list for the rank of Captain; of those, five were African-American.

35. The selection rate for Caucasian firefighters versus African-American firefighters at the rank of Captain violates the 4/5s Rule as provided in the EEOC Guidelines.

36. African-Americans represent only 21% of the total Division of Fire.

37. Defendant City promoted 28 candidates in rank order from the certified eligibility lists for the rank of Lieutenant; of those, three were African-American.

38. The selection rate for African-American firefighters versus Caucasian firefighters at the

rank of Lieutenant violates the 4/5s Rule as provided in the EEOC Guidelines.

39. Some of the candidates promoted to Captain had never been assigned as unit commanders in fire suppression units prior to their promotions.

40. Selections for promotions of firefighters to both the ranks of Lieutenant and Captain have a demonstrated higher selection rate for younger firefighters.

41. Selections for promotions to both the Captain's nor the Lieutenant's examinations have a disparate impact with regards to either race and/or age as defined by the EEOC Guidelines on Employee Selection relating to testing, 29 C.F.R. 1607.01, et seq.

## JURISDICTION

42. Plaintiffs Bradley Carr and William Howe timely filed charges with the EEOC alleging age and race discrimination for themselves and on behalf of all others similarly situated with regard to the Captain's promotional examinations; Plaintiffs Howe and Carr received their Right to Sue notifications from the United States Department of Justice.

43. Plaintiff Jerry Elie timely filed a charge with the EEOC alleging age and race discrimination for himself and on behalf of all others similarly situated with regard to the Lieutenant's promotional examinations; Plaintiff Elie received his Right to Sue notifications from the United States Department of Justice.

44. All other Plaintiffs have filed their respective charges with the EEOC on behalf of themselves and all others similarly situated upon completion of the selection process at the expiration of the eligibility lists; these charges are pending with the EEOC and it is anticipated that these Plaintiffs will receive their right to sue notifications within the next 90-120 days.

## COUNT I

**Age Discrimination, disparate impact**
**29 U.S.C. 626, et seq.**

45. Plaintiffs Jerry Elie, Michael DePaul, Jeffrey Schueller, Jeffrey Layne, Bruce Clough, Michael Reed, Kerry Briggs, William Wilkinson, Frank Poletta, James Farina, Michael Harvey, Brenda Chapman, William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41, inclusive, of this complaint as if fully rewritten herein.

46. The promotional examinations for the ranks of Lieutenant and Captain had an illegal and impermissible adverse impact of firefighters on the basis of their age.

**COUNT II**
**Age Discrimination, disparate treatment**
**29 U.S.C. 626, et seq.**

47. Plaintiffs Jerry Elie, Michael DePaul, Jeffrey Schueller, Jeffrey Layne, Bruce Clough, Michael Reed, Kerry Briggs, William Wilkinson, Frank Poletta, James Farina, Michael Harvey, Brenda Chapman, William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41, inclusive, of this complaint as if fully rewritten herein.

48. Older firefighter candidates for promotion for both the rank of Lieutenant and Captain were subjected to disparate treatment on the basis of their age in the administration and scoring of the promotional examinations.

## COUNT III
### Age Discrimination, disparate impact
### R.C. §§ 4112.14

49. Plaintiffs Jerry Elie, Michael DePaul, Jeffrey Schueller, Jeffrey Layne, Bruce Clough, Michael Reed, Kerry Briggs, William Wilkinson, Frank Poletta, James Farina, Michael Harvey, Brenda Chapman, William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41, inclusive, of this complaint as if fully rewritten herein.

50. The promotional examinations for the ranks of Lieutenant and Captain had an illegal and impermissible adverse impact of firefighters on the basis of their age.

## COUNT IV
### Age Discrimination, disparate treatment
### O.R.C. §§ 4112.14

51. Plaintiffs Jerry Elie, Michael DePaul, Jeffrey Schueller, Jeffrey Layne, Bruce Clough, Michael Reed, Kerry Briggs, William Wilkinson, Frank Poletta, James Farina, Michael Harvey, Brenda Chapman, William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41, inclusive, of this complaint as if fully rewritten herein.

52. Older firefighter candidates for promotion for both the rank of Lieutenant and Captain were subjected to disparate treatment on the basis of their age in the administration and scoring of the promotional examinations.

## COUNT V
### Age Discrimination, disparate impact
### R.C. §§ 4112.02 & 4112.99

53. Plaintiffs Jerry Elie, Michael DePaul, Jeffrey Schueller, Jeffrey Layne, Bruce Clough, Michael Reed, Kerry Briggs, William Wilkinson, Frank Poletta, James Farina, Michael Harvey, Brenda Chapman, William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41, inclusive, of this complaint as if fully rewritten herein.

54. The promotional examinations for the ranks of Lieutenant and Captain had an illegal and impermissible adverse impact of firefighters on the basis of their age.

## COUNT VI
### Age Discrimination, disparate treatment
### O.R.C. §§ 4112.02 & 4112.99

55. Plaintiffs Jerry Elie, Michael DePaul, Jeffrey Schueller, Jeffrey Layne, Bruce Clough, Michael Reed, Kerry Briggs, William Wilkinson, Frank Poletta, James Farina, Michael Harvey, Brenda Chapman, William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41 inclusive, of this complaint as if fully rewritten herein.

56. Older firefighter candidates for promotion for both the rank of Lieutenant and Captain were subjected to disparate treatment on the basis of their age in the administration and scoring of the promotional examinations.

## COUNT VII
## Race Discrimination, disparate impact
## Lieutenant's examination
## 42 U.S.C. 2000e, et seq.

57. Plaintiffs Jerry Elie, Michael Harvey, and Brenda Chapman, African-American firefighters, incorporate by reference each of the allegations contained in paragraphs 1 through 41 inclusive, of this complaint as if fully rewritten herein.

58. The promotional examinations for the rank of Lieutenant had an illegal and impermissible adverse impact towards African-American firefighters on the basis of their race.

## COUNT VIII
## Race Discrimination, disparate impact
## Captain's examination
## 42 U.S.C. 2000e, et seq.

59. Plaintiffs William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41 inclusive, of this complaint as if fully rewritten herein.

60. The promotional examinations for the rank of Captain had an illegal and impermissible adverse impact towards Caucasian firefighters on the basis of their race.

## COUNT IX
## Race Discrimination, disparate impact
## Lieutenant's examination
## Ohio Revised Code 4112.02(A)

61. Plaintiffs Jerry Elie, Michael Harvey and Brenda Chapman, African-American firefighters, incorporate by reference each of the allegations contained in paragraphs 1

through 41 inclusive, of this complaint as if fully rewritten herein.

62. The promotional examinations for the rank of Lieutenant had an illegal and impermissible adverse impact towards African-American firefighters on the basis of their race.

### COUNT X
### Race Discrimination, disparate impact
### Captain's examination
### Ohio Revised Code 4112.02

63. Plaintiffs William Howe, Bradley Carr, David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41, inclusive, of this complaint as if fully rewritten herein.

64. The promotional examinations for the rank of Captain had an illegal and impermissible adverse impact towards Caucasian firefighters on the basis of their race.

### COUNT XI
### 42 U.S.C. 1983, Equal Protection

65. All Plaintiffs incorporate by reference each of the allegations contained in paragraphs 1 through 41, inclusive, as if fully rewritten herein.

66. By administering promotional examinations that have no rational relationship to the ranks for which Defendant City purportedly tested, Defendant has violated the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

### COUNT XII
### 42 U.S.C. 1983, Equal Protection

67. Plaintiffs Jerry Elie, Micahel Harvey, Brenda Chapman, William Howe, Bradley Carr,

David Hull, David O'Neil, Leslie Geiser, Michael Hausch, Gregory Snyder, Jeffrey Derenberger, John Triolo, Bradley Robson, Jerome Crawford and James Freeman incorporate by reference each of the allegations contained in paragraphs 1 through 41, inclusive, as if fully rewritten herein.

68. By preparing, administering and scoring promotional examinations that have an adverse impact by race and the failure of the Defendant City to exercise reasonable care in the performance of the duties of preparation, administration and scoring of the promotional examinations, Defendant City has violated the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

**Relief requested**

Plaintiffs pray this Court grant them judgment against the Defendant and award the following preliminary and final relief:

a) a declaratory judgment that the promotional examinations for each of the ranks of Lieutenant and Captain have an adverse impact upon older firefighters on the basis of their age;

b) a declaratory judgment that the promotional selection process for each of the ranks of Lieutenant have an adverse impact upon African-American firefighters on the basis of their race;

c) a declaratory judgment that the promotional selection process for each of the ranks of Captain have an adverse impact upon Caucasian firefighters on the basis of their race;

d) a declaratory judgment that the promotional examinations for both the ranks of Lieutenant and Captain are not content valid;

e) a declaratory judgment that the promotional examinations for both the ranks of

Lieutenant and Captain are not job related;

f) a declaratory judgment that the promotional examinations for both the ranks of Lieutenant and Captain are not sufficiently content valid to allow their use as a selection method which incorporates ranking as part of the process;

g) a declaratory judgment that there are viable alternatives that were available at the time this promotion process was used that would have resulted in demonstrably lesser adverse impact;

h) promotion of the Plaintiffs to the respective ranks for which they participated in the promotional selection process;

i) an order requiring the City of Akron to administer new promotional examinations that do not have an adverse impact as to either age or race and are sufficiently valid so as to justify promotion of the candidates selected for promotion;

j) compensatory damages to be ascertained during trial for each Plaintiff suffered due to the emotional distress and general loss of enjoyment of life sustained by being subjected to an unfair and discriminatory promotional testing process and/or being denied promotion due to an unfair and discriminatory promotional process;

k) back pay from May 2005 for those Plaintiffs who are promoted from the new promotional process;

l) pre-judgment interest, reasonable attorneys fees for prosecuting this action and reasonable costs;

m) any other relief this Court deems necessary and just.

Respectfully submitted,

>*/s/ Dennis R. Thompson*
>Dennis R. Thompson #0030098
>Christy B. Bishop #0076100
>Thompson & Bishop
>2719 Manchester Road
>Akron, Ohio 44319
>330-753-6874
>330-753-7082 (facsimile)
>tmpsnlaw@sbcglobal.net
>ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs demand a jury trial for each of their claims and causes of action in this complaint to the extent provided by law.

>*/s/ Dennis R. Thompson*
>Dennis R. Thompson

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent to Patricia Rubright, Attorney for Defendant City of Akron, at her office located 161 South High Street, Suite 202, Akron, Ohio 44308, via ecf electronic notification this 19 day of October, 2007.

>*/s/ Dennis R. Thompson*
>Dennis R. Thompson