MR/PAR/tlk         11-13-07

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, et al. | ) | CASE NO. 5:06 CV 2779 |
|     Plaintiffs | ) | |
| v. | ) | JUDGE ADAMS |
| CITY OF AKRON | ) | **PROTECTIVE ORDER** [RESOLVING DOC. 27] |
|     Defendant | ) | |

This action is before the Court upon Plaintiffs and Defendant, City of Akron's motion for approval of an agreed protective order. Said order has been agreed to by the parties and shall become an order of this Court as follows:

The motion is GRANTED.

1. As used herein, "Confidential Information" means any documents or things, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission, or other disclosure of information that describe or relate to tests and other selection and promotional instruments created, administered and/or evaluated by EB Jacobs.

2. All materials designated Confidential Information pursuant to this Protective Order will be stamped or printed "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER."

3. Confidential Information shall not be used or disclosed by any person or entity for

any purpose whatsoever other than as described in this Protective Order, and shall only be used for the purpose of the preparation for and trial of this litigation, including appeals, if any.

  4.  Confidential Information shall be disclosed only to the following:

    (a). Counsel for Plaintiffs, counsel for Defendants, and all of their respective partners and associates. Said counsel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Protective Order; provided, however, that said counsel may disclose Confidential Information to their own employees or outside copying services to the extent reasonably deemed necessary by said counsel for the conduct of this litigation only.

    (b). Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance and must execute a confidentiality agreement in accordance with the terms of this protective order and return all confidential materials to counsel within 60 days of the completion of this litigation as provided in paragraph ~~8~~. 10 J.R.A.

    (c). Any person whose testimony is taken or to be taken in this litigation, but only to the extent that such disclosure is necessary for the conduct of this litigation; and provided further, that such a person may only be shown copies of documents containing Confidential Information and in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof. The term "person" includes any plaintiff to this action.

    (d). Court reporters, during the course of their official duties.

    (e). This Court, for purposes of this litigation and any ensuing appeal.

5. As to any person referred to in paragraphs 4(b) and 4(c) of this Protective Order to whom Confidential Information may be shown, before any such Confidential Information may be shown to such person, the attorneys of record must first:

    (a). Inform such person that the Confidential Information to be disclosed is confidential, to be held in confidence, to be used solely for the purpose of preparing for and presenting evidence in this litigation;

    (b). Inform such person that these restrictions are imposed by a court order;

    (c). If the person is being provided Confidential Information pursuant to paragraph 4(b) [4(c) J.R.A.] of this Order, inform such person that he or she may not retain documents containing Confidential Information and may not copy, transcribe, or make any notes or memoranda containing any Confidential Information.

    (d). No less than fourteen calendar days before making the disclosure of Confidential Information to such person, advise in writing the attorney of record for the party who produced the Confidential Information of the name, address and employer of the person to whom the party seeking discovery intends to disclose such Confidential Information under this paragraph. This written notice shall be faxed and mailed to the attorneys of record who produced the Confidential Information. If, within said fourteen (14) day period the producing party shall apply to the Court for an order precluding the disclosure of the Confidential Information to such person, no disclosure of the Confidential Information shall be made unless and until the Court rules that such disclosure may be made.

6. All documents and all briefs and other papers containing, referring to or otherwise disclosing Confidential Information which are submitted to the Court shall be placed under seal and shall not be disclosed except as provided in this Protective Order. All such documents submitted to the Court shall be conspicuously marked "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" prior to such submission and shall be delivered to Chambers.

Counsel shall work together so as to minimize submissions under seal. In the event that any Confidential Information is used or disclosed in any hearing, at trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

7. Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within one business day of such testimony noting the specific subject matter as Confidential Information. Within 14 days after the delivery of the transcript of such deposition by the official court reporter, the attorney who designated testimony as Confidential Information by such written statement shall furnish to the opposing counsel and the official court reporter the page and line numbers subject to the confidential designation referred to in the written statement.

8. No person as identified in paragraph 4 shall make copies, extracts or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

9. Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in an attempt to

resolve the dispute. In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential Information and subject to the protections of this Order.

10. Within sixty (60) days after final termination of this litigation, counsel for each of the parties shall return to the person or entity producing it, or certify in writing the destruction of, all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Protective Order. Counsel will not have to dismantle his or her own work product to return or destroy Confidential Information; however, all such Confidential Information shall be retained by counsel on a confidential basis until discarded.

11. All persons and entities to whom Confidential information is disclosed shall be bound by the terms of this Protective Order.

IT IS SO ORDERED.

Dated: November 30, 2007             /s/ John R. Adams
                                     JUDGE ADAMS

Approved:

_____ Date: 11-19-07
Dennis Thompson - No. 0030098
Christy Bishop - No. 0076100
Thompson & Bishop
2719 Manchester Road
Akron, Ohio 44319
330-753-6874
330-753-7082 (facsimile)
tmpsnlaw@sbcglobal.net
Attorneys for Plaintiffs

5

_____ Date: 11-19-07
Patricia Ambrose Rubright - No. 0009435
Ambropa@ci.akron.oh.us
Bruce H. Christensen, Jr. - No. 0036770
Chrisbr@ci.akron.oh.us
161 S. High Street, Suite 202
Akron, Ohio 44308
(330) 375-2030
FAX: (330) 375-2041
Attorneys for Defendants