ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM HOWE, et al., | ) | CASE NO.  5:06CV2779 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THE CITY OF AKRON, | ) | AND ORDER |
| | ) | [RESOLVING DOC. 80] |
| Defendant. | ) | |

This action is before the Court upon defendant's Motion for Summary Judgment (Doc. 80).  The Court has reviewed the memorandum in support, memorandum in opposition (Doc. 99), and reply memorandum (Doc. 122).

I.

Plaintiffs are all firefighter/medics for defendant City of Akron's Division of Fire ("AFD").  In December 2004, the defendant conducted promotional examinations for the AFD. Plaintiffs participated in the promotional selection process seeking promotions to either the rank of  Lieutenant or Captain.  The eligibility lists for each rank were established by the City of Akron Civil Service Commission on April 4, 2005.  The eligibility lists for each rank remained active for two years.

In the performance of the testing portion of the promotion process, the defendant retained the services of a testing consultant, E.B. Jacobs, LLC ("EBJ").  EBJ was employed to prepare, administer and score the promotional examinations for the ranks of Lieutenant and Captain.

Each promotional examination included a technical job knowledge examination consisting of 100 multiple-choice questions.  The promotional examination for the rank of Lieutenant also included two oral assessment exercises:  a subordinate conference and incident command.  The Lieutenant exam also included a written work sample exercise.  The promotional examination for the rank of Captain also included three oral assessment exercises, consisting of a subordinate conference, group exercise and incident command.  Selections for promotion are made from each respective eligibility list under a "Rule of Three," which requires that for each vacant position, the three top-ranked candidates are considered for the vacancy.  Promotion selections for each vacancy are drawn from any of the three candidates under consideration for that position.

Plaintiff Bradley Carr took and passed the Captain's examination, but was not promoted. He is Caucasian and 40 years of age or over.  Plaintiff Jerry Elie took and failed the Lieutenant's examination.  He is African-American and 40 years of age or over.  On or about January 25, 2006, Carr and Elie filed separate charges alleging race and age discrimination with the Equal Employment Opportunity Commission ("EEOC").  *See* Docs. 80-34 at 9-10 and 80-34 at 21-22. They filed their charges on behalf of themselves and "all others similarly situated."  *See, e.g., Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1198-99 (10th Cir. 2004) (applying single filing rule to case involving 26 plaintiffs).

On April 7, 2006, the plaintiffs filed *William Howe, et al. v. The City of Akron*, Summit County, Ohio Court of Common Pleas Case No. CV-2006-04-2310.  On November 16, 2006, the plaintiffs filed the case at bar under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq* . ("Title VII"), and the Age Discrimination in Employment Act,

29 U.S.C. § 621, *et seq.* ("ADEA"), against the defendant. On October 17, 2007, this Court granted the plaintiffs leave to file a First Amended Complaint that includes their pendent state law claims. *See* Order (Doc. 22). Thereafter, the plaintiffs dismissed the state case without prejudice pursuant to Ohio R. Civ. P. 41(A)(1)(a). The First Amended Complaint (Doc. 23) filed in the case at bar contains 12 counts.

Count I - Age Discrimination, disparate impact, 29 U.S.C. § 626, *et seq.*
Count III - Age Discrimination, disparate impact, Ohio Rev. Code § 4112.14
Count V - Age Discrimination, disparate impact, Ohio Rev. Code § 4112.02 and 4112.99

In these counts, 23 of the plaintiffs[1] allege that the promotional examinations for the ranks of Lieutenant and Captain had an illegal and impermissible adverse impact on firefighters on the basis of their age. ¶¶ 46, 50, and 54.

Count II - Age Discrimination, disparate treatment, 29 U.S.C. § 626, *et seq.*
Count IV - Age Discrimination, disparate treatment, Ohio Rev. Code § 4112.14
Count VI - Age Discrimination, disparate treatment, Ohio Rev. Code § 4112.02 and 4112.99

In these counts, the same 23 plaintiffs as in Counts I, III, and V allege that older firefighter candidates for promotion for both the rank of Lieutenant and Captain were subjected to disparate treatment on the basis of their age in the administration and scoring of the promotional examinations. ¶¶ 48, 52, and 56.

---

[1] William Howe, Bradley Carr, David P. Hull, David O'Neal, Leslie Gaiser, Michael Hausch, Jeffery Layne, Bruce Clough, Jerry Elie, Jeffery Schueller, Gregory Snyder, Michael Reed, Kerry Briggs, John Triola, Bradley Robson, Jerome Crawford, James Feeman, Frank Poletta, Jeffery Derrenberger, William R. Wilkinson, James Farina, Brenda Chapman, and Michael Harvey.

> Count VII - Race Discrimination, disparate impact (Lieutenant's examination),
> 42 U.S.C. § 2000e, *et seq.*
> Count IX - Race Discrimination, disparate impact (Lieutenant's examination),
> Ohio Rev. Code § 4112.02(A)

In these counts, three of the plaintiffs[2] allege that the promotional examinations for the rank of Lieutenant had an illegal and impermissible adverse impact on African-American firefighters on the basis of their race.  ¶¶ 58 and 62.

> Count VIII - Race Discrimination, disparate impact (Captain's examination),
> 42 U.S.C. § 2000e, *et seq.*
> Count X - Race Discrimination, disparate impact (Captain's examination),
> Ohio Rev. Code § 4112.02

In these counts, 12 of the plaintiffs[3] allege that the promotional examinations for the rank of Captain had an illegal and impermissible adverse impact on Caucasian firefighters on the basis of their race.  ¶¶ 60 and 64.

### Count XI - 42 U.S.C. § 1983, Equal Protection

In this count, all 30 of the plaintiffs[4] allege that by administering promotional examinations that have no rational relationship to the ranks for which the defendant purportedly tested, defendant has violated the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.  ¶ 66.

---

[2] Jerry Elie, Brenda Chapman, and Michael Harvey.

[3] William Howe, Bradley Carr, David P. Hull, David O'Neal, Leslie Gaiser, Michael Hausch, Gregory Snyder, John Triola, Bradley Robson, Jerome Crawford, James Feeman, and Jeffery Derrenberger.

[4] This is the only count that includes Brian Santee, William Yoxthimer, Robert Alestock, Brian Weaver, Brian Jaggers, Kevin Hagan, and Dean Plevrakis.

Count XII - 42 U.S.C. § 1983, Equal Protection

In this count, 15 of the plaintiffs[5] allege that by preparing, administering and scoring promotional examinations that have an adverse impact by race and the failure of the defendant to exercise reasonable care in the performance of the duties of preparation, administration and scoring of the promotional examinations, defendant has violated the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.  ¶ 68.

Defendant moves the Court for summary judgment on all claims contending, in sum: (1) that plaintiffs' claims under Title VII and the ADEA are time-barred by the applicable statute of limitations; (2) that no background evidence supports a reverse discrimination claim; (3) that plaintiffs' claims for race and age discrimination under Ohio Rev. Code § 4112.02 are time-barred by the 180-day statute of limitations; (4) that plaintiffs' claims for age discrimination under Ohio Rev. Code § 4112.14 must be dismissed because there is no evidence to support a claim on either examination, particularly Captain; (5) that the plaintiffs have failed to state a claim for any Section 1983 claim and lack any evidence to support any claim of intentional discrimination based on race, age or the Fourteenth Amendment; and (6) that, even if the plaintiffs could proceed with their adverse impact claims based on race or age, the defendant validated the 2004 Lieutenant's and Captain's examinations.

As "[i]nquiries regarding what actually motivated an employer's decision are very fact intensive," such issues "will generally be difficult to determine at the summary judgment stage" and thus will typically require sending the case to the jury.  *Wright v. Murray Guard, Inc.*,

---

[5]William Howe, Bradley Carr, David P. Hull, David O'Neal, Leslie Gaiser, Michael Hausch, Jerry Elie, Gregory Snyder, John Triola, Bradley Robson, Jerome Crawford, James Feeman, Jeffery Derrenberger, Brenda Chapman, and Michael Harvey.

455 F.3d 702, 721 (6th Cir. 2006) (Moore, J., concurring) (citing *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 564 (6th Cir. 2004)).  This is such a case.  Based on a review of the filings in the case at bar, especially all of the plaintiffs' evidence of age and race discrimination, the Court finds that a reasonable jury could conclude that the defendant's stated reasons are pretext for discrimination.  Thus, the defendant's motion for summary judgment on plaintiffs' claims will be denied.  I write to briefly comment on some of the arguments presented by the motion.

## II.

Summary judgment is appropriately granted when

> . . . the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . .

Fed. R. Civ. P. 56(c).  *See also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).

The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial."  *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).  Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  Under Fed. R. Civ. P. 56(e)(2),

> . . . an opposing party may not rely merely on allegations or denials in its own pleading; rather, it's response must--by affidavits or as otherwise provided in this rule--set out *specific facts* showing a genuine issue for trial (emphasis added).

The non-moving party must, in order to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403.  In reviewing the motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Assn., Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact.  *Id.* at 248.  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  In determining whether a factual issue is "genuine" the Court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict.  *Id.*  To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact.  *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990).  The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment.  *Id.* at 252.

III.

*Statutes of Limitation for Title VII and ADEA Claims*

Generally, the timely filing of a charge of discrimination with the EEOC is a condition precedent to a Title VII lawsuit.  *See EEOC v. Atlas Paper Box Co.*, 868 F.2d 1487, 1495

(6th Cir. 1989).  Under Title VII, a plaintiff has up to 180 days, or in a deferral state such as Ohio, up to 300 days, to file a complaint after the allegedly unlawful employment practice has occurred.  *See* 42 U.S.C.. § 2000e-5(e)(1); *EEOC v. Penton Indus. Pub. Co.*, 851 F.2d 835, 837 n. 5 (6th Cir. 1988).

In this case, plaintiff Bradley Carr first filed an EEOC charge against the defendant on January 25, 2006.  The next day, plaintiff Jerry Elie also filed an EEOC charge against the defendant.  From these filing dates, the 300-day statute of limitations applicable to Title VII actions filed in deferral states normally would preclude consideration of alleged violations occurring prior to March 31, 2005 (300 days before January 25, 2006).  Based on this chronology, the defendant argues that none of the allegedly discriminatory acts occurring before this date supports a finding of liability against it.  However, the eligibility list was issued on April 4, 2005.

As a jurisdictional prerequisite, an ADEA claimant must first file a charge of unlawful discrimination with the EEOC.  29 U.S.C. § 626(d).  If the state in which the unlawful practice occurred prohibits age discrimination in employment and has a state agency to handle such complaints, such as Ohio, it is a "deferral" state.  29 U.S.C. § 633(b); Ohio Rev. Code § 4112.05. An ADEA complainant in a deferral state must file an EEOC charge within 300 days of the discriminatory act, 29 U.S.C. § 626(d)(2); in a non deferral state, within 180 days.  29 U.S.C. § 626(d)(1).

As a procedural prerequisite, an ADEA plaintiff in a deferral state must present an age discrimination claim to the appropriate state administrative agency to sue in federal court.  *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753-55 (1979); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189,

8

194 (6th Cir. 1995).  In deferral states, such as Ohio, with worksharing agreements between the EEOC and the state agency, a filing with the EEOC is automatically referred to the state agency and is deemed received by the other.  *Kohn v. GTE North, Inc.*, 754 F.Supp. 563, 566 (S.D.Ohio 1990); 29 C.F.R. §§ 1616.9, 1626.9, and 1626.10.  Because Ohio and the EEOC are parties to a worksharing agreement, the plaintiffs' EEOC filings are deemed filed with the OCRC and plaintiffs' ADEA claims are not procedurally barred under 29 U.S.C. § 633(b) as appears to be argued by the defendant.  *See* Doc. 122 at 23 n. 17 ("Plaintiffs filed their charges with the 'EEOC ONLY!' (MSJ, Exhibit GG).  Thus, the 180 day limitations period applies and none of the Plaintiffs filed timely charges.  Even applying the 300 day limitations period, several Plaintiffs' claims are untimely.")

Defendant argues that the claims of 13 of the plaintiffs[6] must be dismissed from the case at bar for failure to meet the Title VII and ADEA limitations periods.  *See* Doc. 122 at 24 n. 21.  According to the defendant, none of the plaintiffs are similarly situated to plaintiff Jerry Elie and only eight of the plaintiffs[7] are similarly situated to plaintiff Bradley Carr.  These, however, are questions of fact and need to be decided by a fact finder.

*Election of Remedies*

The First Amended Complaint contains state-law claims brought pursuant to Ohio's age discrimination law, *i.e.*, Ohio Rev. Code §§ 4112.14 (Counts III and IV) and 4112.02 and 4112.99 (Counts V and VI).  Defendant argues that the plaintiffs are barred from bringing claims

---

[6]David O'Neal, Michael Hausch, Jeffery Layne, Bruce Clough, Jeffery Schueller, Michael Reed, Kerry Briggs, Bradley Robson, Frank Poletta, William R. Wilkinson, James Farina, Brenda Chapman, and Michael Harvey.

[7]William Howe, David P. Hull, Leslie Gaiser, Gregory Snyder, John Triola, Jerome Crawford, James Feeman, and Jeffery Derrenberger.

under both Ohio Rev. Code §§ 4112.14 and 4112.02 because the statutes each require plaintiffs to select under which statute the claim for age discrimination will be pursued. *See* Doc. 80 at 7 n. 8.

In *Meyer v. UPS*, 174 Ohio App.3d 339, 348 (Ohio Ct. App. 2007), the court stated "[a]lthough R.C. 4112.02(N), 4112.08, and 4112.14(B) all require a plaintiff to elect under which statute (R.C. 4112.02, 4112.05, or 4112.14) a claim for age discrimination will be pursued, when an age discrimination claim accrues, a plaintiff may choose from the full spectrum of remedies available." *Meyer* is currently up on appeal before the Ohio Supreme Court. *See Meyer v. UPS*, 118 Ohio St.3d 1432 (2008). Plaintiffs argue that regardless of any other provision, they need not make an election of remedies between Ohio Rev. Code §§ 4112.14 and/or 4112.02 and 4112.99 at this time, until *Meyer* is decided and the Ohio Supreme Court rules that either election is required or not under § 4112.99 for age claims. The Court will defer resolving this issue grounded in state law until later in the proceedings.

*Content Validity*

Plaintiffs argue that the promotional examinations for both the ranks of Lieutenant and Captain are not content valid, nor are they sufficiently content valid to allow their use as a selection method which incorporates ranking as part of the process.

On the other hand, the defendant contends that it has met its burden of proving that the promotional exams are content valid. Defendant takes issue with the plaintiffs' "conclusory and contradictory statements" to contest the job analysis utilized by EBJ. Doc. 122 at 14. However, courts cannot weigh evidence at the summary-judgment stage. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). Defendant's reply memorandum (Doc. 122) at 14- 20 invites the

Court to tread dangerously close to, and likely cross over, the line of impermissible evidence weighing at this stage of the litigation.

IV.

Defendant's Motion for Summary Judgment (Doc. 80) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| November 26, 2008 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |