IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, | ) | CASE NO.: 5:06 CV 02779 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE ADAMS |
| | ) | |
| CITY OF AKRON, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' TRIAL BRIEF**

**Statement of the Case**

This case is scheduled for jury trial commencing December 2, 2008, on all Plaintiffs' claims, which are disparate impact and disparate treatment race and age discrimination claims under both federal and state law and 42 U.S.C. 1983 claims relating to race discrimination and the promotional tests.

The major issues and law have been set forth in Plaintiffs' summary judgment briefs. IN short, however, the legal issues relating to this case are:

There is no issue that there are 4/5s Rule violations at each rank for age and race discrimination. Therefore, the issue for trial as to Plaintiffs' race discrimination disparate impact claims start with the City's burdens relating to the examinations, including: adequate job analysis, the promotional examination's representativeness of the Lieutenant and Captain ranks, administration of the examinations was consistent, there are no issues with scoring accuracy or legitimacy.

It is Plaintiffs' contention that the City can satisfy none of the requirements it must prove

to establish that these promotional examinations are job related. Regardless, should Defendant be able to establish that its examinations were job related, then Plaintiffs can show that there were alternative measures available to the City to minimize adverse impact, including using a different weighting strategy and alternative promotional selection methods that were being used in other cities – specifically Birmingham, Alabama and Minneapolis, Minnesota, as well.

As to Plaintiffs' age discrimination disparate impact claims, Defendant must prove that the promotional examinations were a "reasonable factor" other than age. Plaintiffs' contend that there were so many faults, errors and defects with these promotional examinations that they cannot serve as a "reasonable factor other than age."

**Evidentiary Issues**

Defendant has filed 5 motions in limine, all of which have been responded by Plaintiffs. Plaintiffs have no motions in limine pending, but do challenge Dr. Jacobs and Dr. Jeanneret as expert witnesses in this case. Plaintiffs had filed a motion in limine regarding both these identified witnesses at summary judgment stage. This motion was denied by the Court at that stage, but Plaintiffs contend at the trial stage, neither Dr. Jacobs nor Dr. Jeanneret can testify as expert witnesses in this case and will make a Daubert challenge to those witnesses testifying as expert witnesses. Plaintiffs objections are based upon use of improper methodology in analyzing the data, lack of independence of Dr. Jacobs, and lack of proper foundational knowledge of these tests by either expert witness.

It is anticipated that Defendant will seek to introduce the expert reports of its experts as evidentiary exhibits. Plaintiffs object to the admission of any expert report as an exhibit in this case as hearsay and the fact that the best evidence is the testimony of the respective expert witness.

Plaintiffs' expert witnesses, Dr. Robert Johnson and Dr. Kyle Brink, are appearing live and are scheduled to testify on December 9 and 10, respectively.

Plaintiffs also intend to call Dr. Jacobs as a fact witness and have communicated with Defendant their intention. Dr. Jacobs is the owner of EB Jacobs LLC and was the third party consultant retained by the City of Akron to develop, administer and score the tests in issue. As such, he is a fact witness as to what work was undertaken by his firm and issues relating to these examinations. Defendant has objected to Plaintiffs calling Dr. Jacobs as a fact witness.

While the City and Dr. Jacobs desire to limit his appearance to that as an expert, they have, by virtue of their contractual relationship with one another, placed him into the role as a fact witness. Plaintiff are not required to pay any witness fees to Dr. Jacobs, but will reimburse his travel expenses to and from State College, PA.

Plaintiffs also intend to call, via video conference, Chief James Clack and Steve Nutting from Baltimore Fire Department. These persons were the former Chief and Chief of Staff for Minneapolis Fire Department and were intimately involved in the promotional process used in that city, a fire department of similar size as AFD. The Minneapolis model is but one of the alternatives available to the City of Akron at the time of these promotional examinations. Defendant has indicated to Plaintiffs that it objects to these witnesses, as well.

Plaintiff Jerome Crawford recently passed away. The suggestion of death has been filed. His wife, Cindy Crawford, has opened his estate and the motion to substitute parties will be filed before the trial date.

Several of Plaintiffs' witnesses are City of Akron employees who will be called as on cross-examination. Plaintiff has already made arrangements with Defendant to produce these witnesses without the need for subpoena and that they will provide notice to Defendant as to

scheduling. This, of course, will depend upon how each trial day progresses, but it is anticipated that the bulk of these witnesses will be called on Friday, December 5 and Monday, December 8. It is anticipated that the first of these witnesses will be called on either the second or third day of trial, starting with Stacey Doty and/or Ruth Miller. The remaining witnesses to be called as on cross-examination are senior administration from AFD.

**Trial issues**

This Court has indicated it was considering the use of interim arguments in this trial. Plaintiffs agree with and request that interim arguments be permitted. This case will have a lot of evidence over an almost 3 week period from many different witnesses, including several expert witnesses. The issues are complex and involve sophisticated distinctions. Covering and retaining this much information can only be enhanced by occasional signposts for the jury.

**Witness Lists**

The Parties have each filed their respective witness lists. Plaintiffs have objected to Defendant's witness list as including over 100 witnesses, which is in contradiction to the representation in Court that it would call 10 witnesses, several of them the same as those called by Plaintiffs as-on cross examination.

**Exhibit Lists**

The Parties have filed their respective exhibit lists. Plaintiffs exhibits are being presented in four (4) separate 3-ring binders and are organized in such a manner that any given witness should not have to access any more than 2 of the books while testifying.

        Respectfully submitted,

        */s/ Dennis R. Thompson*
        Dennis R. Thompson #0030098
        tmpsnalw@sbcglobal.net
        Christy B. Bishop #0076100
        bishopchristy@gmail.com
        2719 Manchester Road
        Akron, Ohio 44319
        330-753-6874
        330-753-7082 (facsimile)


        */s/ Bruce B. Elfvin*
        Bruce B. Elfvin #0015964
        bbe@elfvinbesser.com
        Barbara K. Besser #0017624
        bkb@elfvinbesser.com
        Stuart Torch #0079667
        stuart.torch@elfvinbesser.com
        4070 Mayfield Road
        Cleveland, Ohio 44121
        216-382-2500
        216-381-0250 (facsimile)

        ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

    A copy of the foregoing was sent to Patricia Rubright and Michael Defibaugh, Attorneys for Defendant, via ecf electronic notification this 28 day of November, 2008.



        *Dennis R. Thompson*
        One of the Attorneys for Plaintiffs