**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM HOWE, et al. | ) |
| | ) CASE NO. 5: 06 CV 2779 |
| Plaintiff, | ) |
| | ) JUDGE JOHN R. ADAMS |
| vs. | ) |
| | ) MEMORANDUM OF OPINION AND |
| CITY OF AKRON, | ) ORDER |
| | ) |
| Defendant. | ) (Resolving Doc. 61) |
| | ) |
| | ) |
| | ) |
| | ) |

This action is before the Court on Defendant's Motion for Leave to Amend Defendant's Answer (Doc. 61).  The Court has reviewed the memorandum in support, memorandum in opposition (Doc. 65), and reply memorandum (Doc. 72).  For the reasons stated below, it is determined that Defendant's motion for leave to amend will be DENIED.

**I.  Facts**

Plaintiffs are firefighters for the City of Akron ("Akron") who are claiming discrimination resulting from Akron's use of a particular test in the promotion process.  This Court determined that the case would proceed on a complex case management track and that the final date for amending pleadings and adding parties was December 11, 2007.  *See* Doc. 34.  On May 23, 2008, more than six months after the deadline, Akron moved for leave to amend its answer.  Akron seeks to amend to add a Fed. R. Civ. P. 12(b)(7) defense of failure to add a party under Fed. R. Civ. P. 19.  Essentially, Akron claims that those firefighters who were in fact

promoted under the test could be prejudiced, presumably even demoted, if the test were found unlawful.

## II. Standard

Fed. R. Civ. P. 15 governs when the court is to give a party leave to amend its complaint. It states that after a certain period a party may only amend its pleading with leave of the court, which should be given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

However, while Rule 15 grants broad leeway for amending pleadings, Fed. R. Civ. P.  16 applies where such an amendment requires the modification of a scheduling order.  *See Dozier v. Rowan Drilling Co., Inc.*, 397 F.Supp.2d 837, 855 (S.D.Tex. 2005); *Senich v. American-Republican, Inc.*, 215 F.R.D. 40, 41 (D.Conn. 2003); *White Diamond Co., Ltd. v. Castco, Inc.*, 436 F.Supp.2d 615, 625 (S.D.N.Y. 2006).  Rule 16(b)(4) states that a scheduling order can only be modified for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).

Rule 19, which creates the alleged grounds for amending in this case, states that a person is required to be joined if 1) without that person, the court could not accord complete relief among the parties or 2) that person claims an interest in the subject matter of the suit such that disposing of the matter without the person would impair his ability to protect his interest or leave an existing party subject to substantial risk of incurring inconsistent obligations.  Fed. R. Civ. P. 19(a)(1).   Only if such a person cannot be joined should the court consider whether the action should be dismissed.  Fed. R. Civ. P. 19(b).

## III. Analysis

In this case, the Defendant requests this Court's leave to amend its answer so that it can add a Rule 12(b)(7) defense.  However, Defendant makes this request more than six months after the time allowed for amending the pleadings and adding parties set forth in the scheduling order.

Therefore, the Defendant is seeking to modify this Court's scheduling order, and Rule 16(b)(4) applies.  Thus, Defendant must show good cause.  Defendant, however, relies only on the more liberal standard of Rule 15 and does not even attempt to show good cause.

In this case, there is no good cause presently before the Court to allow this modification. Defendant has not stated who exactly is a required party and why.  However, Defendant has generally stated that the required parties are those who were promoted under the test that plaintiffs are challenging.  Defendant contends that if the test were held unlawful those firefighters who were promoted may be demoted.  Thus, Defendant argues that those firefighters have an interest in the subject matter of the case which could be impaired if they were not joined as parties.  This Court does not currently express an opinion on whether those firefighters are required parties under Rule 19.  It also remains unclear whether such parties could be joined; however, if they are all Akron firefighters, it seems likely that they could be joined in this case.

Defendant's request will be denied because even if the promoted firefighters are required parties under Rule 19, dismissal would not be the correct remedy for that issue.  Rather, the simple remedy would be to join them as parties.  Only if they could not be joined as parties would the issue of dismissal even arise, and even then other remedies may be more appropriate. Furthermore, plaintiffs are not currently seeking any relief that would demote or prejudice the promoted firefighters.

Therefore, since the only purpose of the amended answer would be to add a defense under Rule 12(b)(7) for failure to add a required party under Rule 19, this request will be denied. Defendant has not shown good cause for this amendment, especially in light of the timing and probable failure of such a defense.  This Court, however, will be vigilant of the promoted

firefighters' interests, and should the plaintiffs seek or Defendant propose a remedy that would prejudice them, this Court may order them joined at a later time.

Finally, there is no merit to awarding sanctions to the plaintiffs regarding the issues raised in Defendant's motion.  Indeed, some of Plaintiffs' arguments for sanctions are wholly without merit.

**IV. Conclusion**

Therefore, based on the foregoing reasons, Defendant's Motion for Leave to Amend is DENIED.


IT IS SO ORDERED.

December 1, 2008                                             /s/  John R. Adams
Date                                                                 John R. Adams
                                                                       U.S. District Judge