ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, et al., | ) | CASE NO.  5:06CV2779 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| THE CITY OF AKRON, | ) | [RESOLVING DOCS. 140, 141, 142, 143, |
| | ) | and 144] |
| Defendant. | ) | |

I.

This action is before the Court upon defendant's Motion *in Limine* to Preclude

Summaries of Documents Provided by Plaintiffs Carr and Snyder (Doc. 140).  The Court has

considered the memorandum in support and memorandum in opposition (Doc. 159).  The Court

has also considered the oral arguments of counsel offered at the Charging Conference held on

December 1, 2008.  Defendant moves the Court for an order that precludes the admission of any

"summaries"/analyses performed by plaintiffs Bradley Carr[1] and Gregory Snyder[2] regarding the

2004 Lieutenant and Captain examinations as well as any testimony pertaining to these

"summaries"/analyses.

---

[1]Captain - Assessor Number Ratings -- Ex. F attached to his Declaration and Captain - Assessor Number Ratings -- Ex. G attached to his Declaration (Doc. 120).

[2]Oral Scores - Captain's Exam -- Dep. Ex. 123 (also submitted as Ex. G attached to his Declaration (Doc. 102-8)); Average Raw Score by Assessor --  Dep. Ex. 125 (also submitted as Ex. H attached to his Declaration (Doc. 102-9)); and Written Scores - Captain's Exam --  Dep. Ex. 124 (also submitted as Ex. I attached to his Declaration (Doc. 102-10)).

The motion is GRANTED IN PART.  Generally, the testimony of plaintiffs Carr and Snyder regarding the summaries under Fed. R. Evid. 1006 will be permitted.  However, they will not be permitted to comment or give any analysis on the promotional examinations.  Plaintiffs Carr and Snyder will be strictly forbidden from testifying about any analysis performed by them, *i.e.*, anything that the Court would deem at a later date to be in that vein.  They are not experts, and their testimony will be extremely limited.  Specifically, their testimony will be limited to the data they have relied upon in making their data extrapolations.

The Court will defer ruling on whether any testimony regarding alleged scoring errors in the assessment center, fictitious ratings on the oral feedback forms, economic calculations relating to Lieutenant and Captain promotions, and conclusions pertaining to the Rules and Regulations should be precluded until the issue(s) is presented, if at all, during trial.  The Court notes, however, that plaintiffs' memorandum in opposition (Doc. 159) is silent as to these matters.

In addition, plaintiff Carr's lieutenant summaries and the updated captain summaries of the data will be excluded and not considered by the jury because of their untimely production, which occurred after the Final Pretrial held on November 18, 2008.

II.

This action is also before the Court upon defendant's Motion *in Limine* Regarding Age Related Comments (Doc. 141) pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.  The Court has considered the memorandum in support and memorandum in opposition (Doc. 161).  The Court has also considered the oral arguments of counsel offered at the Charging Conference.  Defendant moves the Court for an order that precludes the plaintiffs,

2

their counsel, and any witnesses from referring to, commenting upon, or offering testimony, evidence, or argument concerning allegations of age related comments that are irrelevant, hearsay, isolated, time barred, or made by non-decisionmakers.

Defendant argues that comments allegedly made by then Fire Chief Gladman, then Deputy Chief Bunner (now present Chief), Deputy Chief Ross, co-workers, and unnamed assessors, assuming they were made, are isolated, ambiguous remarks, unrelated to the challenged employment action, and made by persons with no decision-making authority regarding plaintiffs' promotions.  Thus, the alleged comments are irrelevant, highly prejudicial, and likely to confuse and mislead the jury.  Accordingly, they should be excluded from the evidence.

The motion is GRANTED IN PART.

A plaintiff who brings an age-discrimination claim based on a disparate-treatment theory "must prove that age was a determining factor in the adverse action that the employer took against him or her."  *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1023 (6th Cir. 1993).  Such a claim may be proved using either direct or circumstantial evidence.  *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc).  "Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions."  *Id.* (internal quotation marks omitted).

The Court of Appeals for the Sixth Circuit has set forth a test for determining the admissibility of statements allegedly showing employer bias:  (1) whether the comments were made by a decisionmaker or by an agent within the scope of his employment; (2) whether they were related to the decisionmaking process; (3) whether they were more than merely vague,

3

ambiguous, or isolated remarks; and (4) whether they were proximate in time to the discriminatory employment action.  *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1330 (6th Cir. 1994).

The age related statements or comments at issue in the within motion have been put forth by a number of the plaintiffs as direct evidence of age discrimination.  Some of them are not proximate in time to the alleged discriminatory employment action.  Others were made by non-decisionmakers.  Others were hearsay within hearsay.

Plaintiffs assert that the most critical one of the age related comments is the one that was allegedly made by then Fire Chief Gladman in November 1999 or 2000--just three years before the defendant conducted the promotional examinations at issue for the Division of Fire.  It was made directly to plaintiff Michael Harvey, who was interested in an arson investigator position.  Chief Gladman allegedly said he wanted his legacy to be promoting the youngest guys in the department because that would save the City money, they would have longer time in grade and would be better officers.  *See* Harvey Dep., Ex. M, pp. 14, 15.  Plaintiffs argue that this comment directly impacted a promotion or an assignment of a firefighter to another bureau.

Having considered the context of Chief Gladman's comment, if made, the Court grants defendant's motion as to this age related comment, especially given that it was not proximate in time to the discriminatory employment action.  Plaintiffs want to offer testimony relating to an event that they allege occurred three years earlier than the promotional examination.

Jerome Crawford alleged that Deputy Chief Ross made a comment to a Lt. (Fisher), who is not a plaintiff in the case at bar, after he enrolled in a retirement program (DROP) that anybody in that program is lackadaisical and just there for the money.  *See* Crawford Dep.,

4

Ex. F., p. 48.  This alleged remark made by a non-decisionmaker will be excluded under Fed. R.

Evid. 401 and 402.

Plaintiff Jeffery Layne alleges that an unnamed assessor told him after the promotional

examination was over that another assessor told him that age was important to him because it

was important to have senior firefighters.  *See* Layne Dep., Ex. R., pp. 14-20.  Plaintiff Layne

could not recall who the assessor was who told him about the alleged statement nor did he know

who the other assessor was.  *Id.* At 19.  The Court will not exclude this statement because the

assessors are agents of the defendant.  Fed. R. Evid. 801(d)(2)(D).

Plaintiff John Triola alleges that then Deputy Chief Bunner (now present Chief) told him

and others that he thought he would not be promoted to Chief because he is "a little long in the

tooth."  *See* Triola Dep., Ex. AA, p. 37.  The Court will allow this proposed testimony.

Plaintiff Kerry Briggs alleges that an assessor commented on his white hair, so the

statement must be age related.  *See* Briggs Dep., Ex. B, pp. 20-21.  The Court will also allow this

proposed testimony.  *See Cooley*, 25 F.3d at 1332.

### III.

Furthermore, this action is before the Court upon defendant's Motion *in Limine*

Regarding Testimony of Dr. Johnson on Content Validity and Standardization of Scores

(Doc. 142) pursuant to Rule 702 of the Federal Rules of Evidence.  The Court has considered the

memorandum in support and memorandum in opposition (Doc. 164).  The Court has also

considered the oral arguments of counsel offered at the Charging Conference.  Defendant moves

the Court for an order that limits the testimony of Dr. Johnson by precluding him from referring

to, or commenting upon evidence, offering testimony or argument on issues concerning the test

development, job analysis, content validity or assessment centers and standardization of test scores of either promotional examination for the rank of Lieutenant or Captain and standardizing test scores.

The motion is DENIED.  The Court expects, however, that Dr. Johnson will not testify about content validity as represented by the plaintiffs in their memorandum in opposition (Doc. 164).

IV.

This action is before the Court upon defendant's Motion *in Limine* Regarding Consent Decrees or Prior Race Discrimination Litigation and Public Records Lawsuit (Doc. 143).  The Court has considered the memorandum in support and memorandum in opposition (Doc. 162). The Court has also considered the oral arguments of counsel offered at the Charging Conference. Defendant moves the Court for an order precluding the plaintiffs from offering testimony or any exhibits concerning hiring consent decrees or other settlements of race discrimination claims or cases brought against the City of Akron.

According to the defendant, originally the consent decrees for hiring began in the late 1970s and continued through early 1990.  So these agreed upon consent decrees have not been in effect in the police and fire department for over 18 years .  There have also been various lawsuits brought by different plaintiffs alleging race discrimination claims and issues which the plaintiffs argue are background evidence to support their disparate treatment claims based on race or their reverse discrimination claims on the Captain's examination.

Plaintiffs contend that the consent decree referred to by the defendant during the Charging Conference actually lapsed in 1995.  And the first promotional examination was given

6

after it lapsed in 1996. The promotional examinations at issue are only the second round of promotional examinations since then. So, plaintiffs maintain that it gives relevant background in the case at bar and, therefore, would be admissible.

The motion is GRANTED IN PART. Plaintiffs are precluded from offering testimony or any exhibits concerning the consent decrees and any prior race discrimination litigation based upon unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. The consent decrees were in place many, many years ago.

The Court declines, however, to preclude testimony or any exhibits about plaintiffs William Howe and Bradley Carr bringing a public records mandamus action in the Ohio Supreme Court against the defendant pertaining to testing records involved in the 2004 Captain examination. *See State ex rel. Carr v. Akron*, 112 Ohio St.3d 351 (2006) (writ denied). Evidence of plaintiff Carr's efforts to procure documents from the defendant goes to the weight of the evidence.

V.

Finally, this action is before the Court upon defendant's Motion *in Limine* to Preclude Certain Plaintiffs From Attacking the Test Through Specific Incidents (Doc. 144) pursuant to Rules 402 and 403 of the Federal Rules of Evidence.. The Court has considered the memorandum in support and memorandum in opposition (Doc. 173-2). The Court has also considered the oral arguments of counsel offered at the Charging Conference. Defendant moves the Court for an order that prevents certain plaintiffs from attacking the promotional examination through specific incidents they claim occurred after certain African-American Lieutenants were promoted to Captain.

7

The motion is GRANTED IN PART.   Plaintiffs will not be allowed to offer testimony regarding the incident concerning Mark Greenwood.  Plaintiff William Howe states that Mr. Greenwood, after being promoted to Captain, slept through a fire.  *See* Howe Dep., p. 115.  The incident is not relevant to the issues presented in the case at bar.  *See also* Fed. R. Evid. 403.

Plaintiffs will also not be allowed to offer testimony from plaintiff William Howe regarding whether Al Bragg knew the equipment on an engine and mistook a tarp for an air bag and used a thermal imager to look for a gas leak.  This statement from plaintiff Howe about what Jerome Crawford told him he witnessed is hearsay.

Finally, the plaintiffs will be allowed to offer testimony about the amount of "line experience" or "company officer" experience of any candidate promoted from either eligibility list.  Given the defendant's position that those it promoted are somehow superior allows the plaintiffs to put on evidence to the contrary.  This testimony goes to the weight of the evidence.


IT IS SO ORDERED.


  December 3, 2008                                       */s/ John R. Adams*
Date                                                          John R. Adams
                                                                  U.S. District Judge

8