ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM HOWE, et al., ) | CASE NO.  5:06CV2779 |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | <u>ORDER</u> |
| THE CITY OF AKRON, ) | |
| ) | |
| Defendant. ) | |

The parties disagree over whether Plaintiffs' Title VII race discrimination claims should have been sent to a jury or tried to the bench.  Defendant is correct that due to the equitable relief offered by Title VII, such claims are generally not entitled to be tried to a jury.  *See, e.g., Jensen v. Bd. of Cty. Commissioners for Sedgwick Cty.*, 636 F.Supp. 293, 296 (D.Kan. 1986) ("Another key difference between the two  remedies is that in a Title VII action there is no right to a jury trial as there is in a § 1983 action.").  However, the Sixth Circuit has also made clear the result of trying § 1983 claims and Title VII claims in the same litigation.

> Gutzwiller's suit sought equitable relief under Title VII and both legal and equitable relief under section 1983.  The section 1983 equal protection claim and the Title VII claim arose out of the same underlying facts.  In order to prevail under either claim, discriminatory intent causing the adverse employment action must be established by a preponderance of the evidence.  When the section 1983 claim and the Title VII claim are tried jointly, as they were here, the principle of collateral estoppel controls.  When a party has a right to a jury trial on an issue involved in a legal claim, the judge is bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim. …  Therefore, in ruling on [the] Title VII claim, the trial judge was bound by the jury's express finding of liability … on the section 1983 equal protection claim, and was without power to reach a conclusion inconsistent with that of the jury.

*Gutzwiller v. Fenik*, 860 F.2d 1317, 1332-33 (6th Cir. 1988) (internal citations and quotations omitted). Similar logic has been espoused on disparate impact claims as well.

> The Trial by Jury Clause provides that in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. It requires that when an issue is common to both legal and equitable claims in the same proceeding, the legal claim must be tried first to a jury. This is because, once the right to a jury trial attaches to a claim, it extends to all factual issues necessary to resolving that claim. Where a legal and equitable claim in a suit share a common factual issue, trial of the equitable claim first to a judge would foreclose the later presentation of the common issue to a jury, and thereby violate the trial-by-jury guarantee. Thus, when as here, a pattern-or-practice claim seeking compensatory damages is pled with a disparate impact claim, the pattern-or-practice claim must be tried first to a jury if there are common factual issues necessary to the resolution of each claim.

*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 170 (2nd Cir. 2001) (internal citations and quotations omitted).

Accordingly, Defendant is correct that Plaintiffs are not entitled to have a jury determine their Title VII claim. However, as the facts of each cause of action are overlapping, the jury made the factual findings underpinning all of the claims that have been pled. Furthermore, the Court utilized its powers under Fed.R. Civ.P. 39(c) and permitted the jury to consider the Title VII claim in an advisory capacity. As such, the jury considered the Title VII claim, but its decision is advisory only. Consistent with the above-quoted law, however, any factual findings made by the jury in conjunction with Plaintiffs' remaining claims are binding on the Court.

IT IS SO ORDERED.

| December 23, 2008 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |