ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HOWE, et al., | ) |
| | ) CASE NO. 5:06CV2779 |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE JOHN R. ADAMS |
| | ) |
| CITY OF AKRON, | ) FINDINGS OF FACT AND |
| | ) CONCLUSIONS OF LAW |
| Defendant. | ) |
| | ) |

This matter came before the Court for trial in December of 2008. On December 23, 2008, the jury returned a verdict in favor of Plaintiffs. Before the Court now is resolution of Plaintiffs' Title VII race discrimination/disparate impact claim. Based upon the jury's determination regarding certain facts and a review of the trial testimony and exhibits, the Court hereby enters the following findings of fact and conclusions of law.

**I.     FINDINGS OF FACT**

**A.     The Parties**

1. Lieutenant William Howe ("Howe") is a named Plaintiff and has been a member of the Department for 23 years.

2. Howe, a Caucasian, went through entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

3. Firefighter Mike Reed ("Reed") is a named Plaintiff and has been a member of the Department for 20 years.

4. Reed, a Caucasian over the age of 40, went through the examination process for Lieutenant in 2004, was placed on the eligibility list, but was not promoted.

5. Firefighter Brenda Chapman ("Chapman") is a named Plaintiff and has been a member of the Department for 24 years.

6. Chapman, an African American over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, was placed on the eligibility list, but was not promoted.

7. Lieutenant James Feeman ("Feeman") is a named Plaintiff and has been a member of the Department for 27 years.

8. Feeman, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

9. Firefighter Michael Harvey ("Harvey") is a named Plaintiff and had been a member of the Department for 26 years before his retirement.

10. Harvey, an African American over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, but did not make the eligibility list.

11. Lieutenant Leslie Gaiser ("Gaiser") is a named Plaintiff and has been a member of the Department for 23 years.

12. Gaiser, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

13. Lieutenant John Triola ("Triola") is a named Plaintiff and has been a member of the Department for 27 years.

14. Triola, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

15. Firefighter William Roy Wilkinson ("Wilkinson") is a named Plaintiff and has been a member of the Department for 16 years.

16. Wilkinson, a Caucasian over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, was placed on the eligibility list, but was not promoted.

17. Firefighter Jeffrey Layne ("Layne") is a named Plaintiff and has been a member of the Department for 11 years.

18. Layne, a Caucasian over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, was placed on the eligibility list, but was not promoted.

19. Firefighter James Farina ("Farina") is a named Plaintiff and has been a member of the Department for 18 years.

20. Farina, a Caucasian over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, was placed on the eligibility list, but was not promoted.

21. Firefighter Jeff Schueller ("Schueller") is a named Plaintiff and has been a member of the Department for 20 years.

22. Schueller, a Caucasian over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, was placed on the eligibility list, but was not promoted.

23. Firefighter Jerry Elie ("Elie") is a named Plaintiff and has been a member of the Department for 23 years.

24. Elie, an African American over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, but was not placed on the eligibility list.

25. Firefighter Frank Poletta ("Poletta") is a named Plaintiff and has been a member of the Department for 16 years.

26. Poletta, prepared for and took the entire examination process for Lieutenant in 2004, was

placed on the eligibility list, but was not promoted. Poletta turned 40 while the eligibility list was still in effect.

27. Firefighter Kerry Briggs ("Briggs") is a named Plaintiff and has been a member of the Department for 18 years.

28. Briggs, an individual over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, was placed on the eligibility list, but was not promoted.

29. Lieutenant Jeffrey Derrenberger ("Derrenberger") is a named Plaintiff and has been a member of the Department for 20 years.

30. Derrenberger, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

31. Lieutenant David Hull ("Hull") is a named Plaintiff and is has been a member of the Department for 23 years.

32. Hull, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

33. Lieutenant David O'Neal ("O'Neal") is a named Plaintiff and has been a member of the Department for 17 years.

34. O'Neal, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

35. Firefighter Bruce Clough ("Clough") is a named Plaintiff and has been a member of the Department for 18 years.

36. Clough, an individual over the age of 40, prepared for and took the entire examination process for Lieutenant in 2004, was placed on the eligibility list, but was not promoted.

37. Lieutenant Jerome Crawford ("Crawford") is a named Plaintiff and had been a member of the

Department for 30 years.

38. Crawford, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

39. Crawford died in August of 2008 and his executor and spouse, Cynthia Crawford, was substituted as a party plaintiff in this case on December 2, 2008.

40. Lieutenant Bradley Robson ("Robson") is a named Plaintiff and has been a member of the Department for 31 years.

41. Robson, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, but was not placed on the eligibility list.

42. Lieutenant Michael Hausch ("Hausch") is a named Plaintiff and has been a member of the Department for 20 years.

43. Hausch, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, but was not placed on the eligibility list

44. Lieutenant Bradley Carr ("Carr") is a named Plaintiff and has been a member of the Department for 20 years.

45. Carr, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

46. Lieutenant Gregory Snyder ("Snyder") is a named Plaintiff and has been a member of the Department for 20 years.

47. Snyder, a Caucasian over the age of 40, prepared for and took the entire examination process for Captain in 2004, was placed on the eligibility list, but was not promoted.

**B. Procedural History**

48. Plaintiff Howe filed an EEOC charge "on behalf of himself and all others similarly situated" on

January 27, 2006.

49. Howe's EEOC charge contended that the Captain's examination discriminated against Caucasians because of their race.

50. Plaintiff Carr filed an EEOC charge "on behalf of himself and all others similarly situated" on January 25, 2006.

51. Carr's EEOC charge contended that the Captain's examination discriminated against Caucasians because of their race.

52. Plaintiff Elie filed an EEOC charge "on behalf of himself and all others similarly situated" on January 26, 2006.

53. Elie's EEOC charge contended that the Lieutenant's examination discriminated against African Americans because of their race and against individuals over the age of 40 because of their age.

54. The complaint in this matter was filed on November 16, 2006.

**C.     The Akron Fire Department**

55. The Department has four (4) Battalions with each Battalion comprised of several fire stations.

56. The Department has 13 fire stations, Stations numbered 2 through 14.

57. In the Department, the "line" is comprised of those personnel assigned to any fire apparatus and/or med unit on a daily basis.

58. An apparatus is a fire truck.

59. The Department also operates medical units, known as "med units."

60. A med unit is not a fire apparatus.

61. A med unit is required to have a minimum of 2 paramedics assigned to it.

62. The Department operates several "combo companies."

63. A combo med unit is a med unit that is combined with a fire apparatus operating from the same station house, using the same crew for each.

64. In combo med units, when a call is received by either unit, the other is taken out of service for the duration of the call. There are 2 other combo units. In a combo unit more than one apparatus is manned by a single crew.

65. The ranks of the Akron Fire Department are: Firefighter/Medic; Lieutenant, Captain, District Chief, Deputy Chief and Chief.

66. A fire company is an apparatus and its crew, which is generally an officer and 2 or 3 crew members.

67. The officer assigned to an apparatus is generally a Lieutenant.

68. No officer of Akron Fire Department is required to possess any specialized certifications to hold rank.

69. No officer of Akron Fire Department is required to be a paramedic to hold rank.

**D.     The Test**

70. Promotional examinations for the ranks of Akron Fire Department Lieutenant and Captain were conducted in December of 2004.

71. EB Jacobs LLC was the consultant hired by the City of Akron to develop, administer and score the 2004 Lieutenant and Captain Akron Fire Department promotional examinations.

72. Each promotional examination included a technical job knowledge examination consisting of 100 multiple-choice questions.

73. The Lieutenant promotional examination also included 2 oral assessment exercises: a subordinate conference and incident command. The Lieutenant exam also included a written work sample exercise.

74. The Captain promotional examination also included 3 oral assessment exercises, consisting of a subordinate conference, group exercise and incident command.

75. The eligibility lists for each rank were established by the City of Akron Civil Service Commission on April 4, 2005.

76. The eligibility lists for each rank remained active for 2 years.

77. 28 persons were promoted in rank order from the Lieutenant's eligibility list.

78. Three African-Americans were promoted from the Lieutenant's eligibility list; 25 Caucasian persons were promoted from the Lieutenant's eligibility list.

79. 12 persons were promoted from the Captain's eligibility list.

80. Five African-Americans were promoted from the Captain's eligibility list; 7 Caucasian persons were promoted from the Captain's eligibility list.

### E.  Jury Findings

81. The City of Akron used a facially neutral promotional process that discriminated against Plaintiffs Jeffery Layne, Bruce Clough, Jerry Elie, Jeffrey Schueller, Michael Reed, Kerry Briggs, William Wilkinson, Frank Poletta, James Farina, Michael Harvey, and Brenda Chapman on the basis of age, in violation of the Age Discrimination in Employment Act (29 U.S.C. § 626), §§ 4112.14, 4112.02(A), and 4112.99 of the Ohio Revised Code, by relying on a promotional examination which had a disparate impact on the above-identified Plaintiffs in making selections for promotions to Lieutenant in 2004.

82. The City of Akron failed to show that their employment practices in making selections for promotions to Lieutenant in 2004 were based on reasonable factors other than age.

83. The City of Akron used a facially neutral promotional process that discriminated against Plaintiffs Jerry Elie, Michael Harvey, and Brenda Chapman on the basis of race (African-American), in

violation of Title VII of the Civil Rights Act of 1964(42 U.S.C. § 2000e, *et seq.*), and §§ 4112.02(A) and 4112.99 of the Ohio Revised Code, by relying on a promotional examination which had a disparate impact on the above-identified Plaintiffs in making selections for promotions to Lieutenant in 2004.

84. The City of Akron used a facially neutral promotional process that discriminated against Plaintiffs William Howe, Bradley Carr, David Hull, David O'Neal, Leslie Gaiser, Michael Hausch, Gregory Snyder, Jeffrey Derrenberger, John Triola, Bradley Robson, Cynthia J. Crawford (as Executrix of the Estate of Jerome K. Crawford, Deceased), and James Feeman on the basis of race (Caucasian), in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), §§ 4112.02(A) and 4112.99 of the Ohio Revised Code, by relying on a promotional examination which had a disparate impact on the above-identified Plaintiffs in making selections for promotions to Captain in 2004.

## II. CONCLUSIONS OF LAW

85. Title VII specifies the prerequisites that Plaintiffs must satisfy before filing suit. *Dendinger v. Ohio*, 207 Fed. Appx. 521, 525 (6th Cir. 2006).

86. The statute requires a party wishing to contest an allegedly discriminatory act to file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred," if he "initially instituted proceedings with a State or local agency" qualified to provide relief. 42 U.S.C. § 2000e-5(e)(1).

87. The 300-day period for filing an EEOC charge "is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001).

88. The City waived any defense related to the timeliness of the EEOC charge when it failed to

request any jury instruction on the issue of timeliness.

89. An adverse impact cannot be determined until the "total selection process" has been completed.  *See generally* 29 C.F.R. § 1607.4(C).

90. Plaintiffs filed their EEOC charge within 300 days of the adverse impact coming into existence.

91. Accordingly, even absent waiver of this defense, Plaintiffs timely filed EEOC charges.

92. In considering the above findings of fact, the Court was bound by the jury's factual findings to the extent that the jury and non-jury claims overlapped.  *Gutzwiller v. Fenik*, 860 F.2d 1317, 1332-33 (6th Cir. 1988); *In re Lewis*, 845 F.2d 624, 628-629 (6th Cir.1988).

93. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. Title VII prohibits both intentional discrimination (known as "disparate treatment") as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as "disparate impact").  *Ricci v. DeStefano*, 129 S.Ct. 2658, 2672 (2009).

94. Congress imposed liability on employers for unintentional discrimination in order to rid the workplace of "practices that are fair in form, but discriminatory in operation.  *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971).

95. Under the disparate-impact statute, a plaintiff establishes a prima facie violation by showing that an employer uses "a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(k)(1)(A)(i).

96. To establish a prima facie case of disparate impact, a plaintiff must: (1) identify the particular employment practice; (2) show a disparate impact on a protected group; and (3) prove that the

employment practice caused the disparity through relevant statistical analysis. 42 U.S.C. § 2000e-2(k)(1)(A)(i); *Shollenbarger v. Planes Moving & Storage*, 2008 FED Appx. 483 (6th Cir. 2008); *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 425 (1975).

97. The Court was careful to evaluate the proffered statistical analyses in light of the total circumstances presented in this case. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 339-340 (1977).

98. Incomplete or inapplicable analyses, simplistic percentage comparisons, and small sample sizes produce statistical analyses with little probative value. S*ee, e.g., New York City Transit Auth. v. Beazer*, 440 U.S. 568, 582-87 (1979), *Mayor of Phila. v. Educ. Equal. League*, 415 U.S. 605, 620-21 (1974).

99. Based upon the jury's findings that are binding on this Court, Plaintiffs established a prima facie case of disparate impact on both their age and race claims.

100. An employer may defend against liability by demonstrating that the practice is "job related for the position in question and consistent with business necessity." 42 U.S.C. § 2000e-2(k)(1)(A)(i).

101. Based upon the jury's findings that are binding on this Court, the Court finds that Defendant City of Akron failed to prove that its employment practices in making selections for promotions to Lieutenant in 2004 were based on reasonable factors other than age or race.

102. Based upon the jury's findings that are binding on this Court, Defendant City of Akron's 2004 promotional process for promotion to Lieutenant discriminated against Plaintiffs Jerry Elie, Michael Harvey, and Brenda Chapman on the basis of race (African-American)in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e-et seq.),ORC §§4112.02(A), and 4112.99.

103. Based upon the jury's findings that are binding on this Court, Defendant City of Akron's 2004 promotional process for promotion to Captain discriminated against Plaintiffs William Howe, Bradley Carr, David Hull, David O'Neal, Leslie Gaiser, Michael Hausch, Gregory Snyder, Jeffrey Derrenberger, John Triola, Bradley Robson, Cynthia Crawford (as executrix of the estate of Jerome Crawford), and James Feeman, on the basis of race (Caucasian) in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, et seq.), ORC §§4112.02(A), and 4112.99.

104. Plaintiffs shall receive front pay as determined by the jury.  The Court will consider all other remedies following full briefing by the parties.

105. Under Fed. Civ. Rule 54(d) and 42 U.S.C. §1988 Plaintiffs are entitled to costs and fees associated with the prosecution of this case, including expert fees, and upon entry of judgment are directed to present their bill of costs and application for attorney fees.

   IT IS SO ORDERED.


 October 2, 2009                             */s/ John R. Adams*
Dated                                        JUDGE JOHN R. ADAMS
                                             United States District Judge