ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM HOWE, et al., ) | CASE NO.  5:06CV2779 |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | ORDER |
| THE CITY OF AKRON, ) | [RESOLVING DOCS. 280, 281, 282, |
| ) | and 283] |
| Defendant. ) | |

On September 21, 2010, the Court was advised by lead counsel of record that the case did not resolve as a result of their latest efforts at a settlement conference convened earlier that day.[1]

This action is before the Court upon plaintiffs' Motion Pursuant to Fed. R. Civ. P. 59(e) to Alter or Amend the Judgment in This Case (Doc. 280).  Plaintiffs request that the Court alter or amend the Judgment (Doc. 278), entered on October 2, 2009, to add 11 items.

This action is also before the Court upon plaintiffs' Motion Pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54 for Attorney's Fees and Costs (Estimated) (Doc. 281).  The attorney's fees were estimated to be not less than $825,000 as of October 19, 2009.  The costs were estimated to be not less than $95,000 as of the same date.

Furthermore, this action is before the Court upon defendant's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial or Remittitur (Fed. R. Civ. P. 50(b) and 59) (Doc. 282).  In its Motion for Judgment as a Matter of Law, the defendant renews

---

[1] On September 13, 2010, the Court advised the parties that it intended on resolving the pending post-judgment motions by formal order by the end of September 2010.

its motion with respect to plaintiffs' state and federal age and race discrimination claims.  In addition and in the alternative, the defendant moves for a new trial.  Even if the Court declines to order a new trial, defendant requests remittitur of the damages to ensure the damages properly reflect the evidence in the record.

Finally, this action is before the Court upon defendant's Motion to Alter or Amend or, in the Alternative, for a New Trial or Remittitur on Plaintiffs' Title VII Claims (Fed. R. Civ. P. 59) (Doc. 283).  Defendant moves the Court to alter or amend the Judgment (Doc. 278), entered on October 2, 2009, finding in favor of the plaintiffs on their Title VII race discrimination/disparate impact claim.  In addition and in the alternative, the defendant moves for a new trial or a remittitur of excessive damage awards.

The Court having reviewed the parties' briefs and considered the oral arguments of counsel offered during the Motion Hearing held on April 30, 2010, and *Ricci v. DeStefano*, 557 U.S. ----, 129 S.Ct. 2658 (2009), and *Lewis v. City of Chicago*, --- U.S. ----, 130 S.Ct. 2191 (2010),

IT IS HEREBY ORDERED that:

Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 59(e) to Alter or Amend the Judgment in This Case (Doc. 280) is GRANTED IN PART.

Plaintiffs' Motion Pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54 for Attorney Fees and Costs (Estimated) (Doc. 281) is GRANTED.  The amounts to be awarded will be decided at a later date.

With regard to defendant's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial or Remittitur (Fed. R. Civ. P. 50(b) and 59) (Doc. 282), the

Renewed Motion for Judgment as a Matter of Law is DENIED.  The Court will not disturb the jury's verdict as to liability.  The Verdicts (Doc. 237), however, provide for uniform past and future monetary awards regardless of whether the individual passed, was promoted, or ready to retire.  This amply demonstrates that the jury lost its way on the issue of damages.  Therefore, the Court GRANTS a new trial solely on damages.[2]

Defendant's Motion to Alter or Amend or, in the Alternative, for a New Trial or Remittitur on Plaintiffs' Title VII Claims (Fed. R. Civ. P. 59) (Doc. 283) is GRANTED IN PART.  The Court grants a new trial solely on damages.

A written opinion explaining the Court's rulings on the issues raised in the parties' post-judgment filings will follow.


 September 29, 2010              /s/ John R. Adams
Date                             John R. Adams
                                 U.S. District Judge

---

[2] The decision to order a new trial on damages is not immediately appealable.  *See Ortiz-Del Valle v. Nat'l Basketball Ass'n*, 190 F.3d 598, 599 (2d Cir. 1999) (per curiam) (held that the court of appeals lacked jurisdiction over appeal of denial of post-trial motion for judgment as matter of law, reasoning that "[a] new trial solely on the issue of damages renders an order otherwise denying judgment as a matter of law non-final because the court has implicitly vacated the jury's damages award leaving the measure of damages undetermined.").  However, it is ultimately reviewable.  *See Seltzner v. RDK Corp.*, 756 F.2d 51, 52 (7th Cir. 1985) ("If the plaintiff isn't satisfied with the outcome of the new trial he can appeal from the judgment entered at the conclusion of that trial and can seek reinstatement of the original jury award.").