ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, et al., | ) | |
| | ) | CASE NO. 5:06CV2779 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CITY OF AKRON, | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |
| | ) | (Resolves Doc. 314) |

Pending before the Court is Defendant City of Akron's motion to alter or amend the Court's prior judgment to include a statement certifying an interlocutory appeal. Doc. 314. Plaintiffs have responded in opposition to the motion, and Akron has replied. For the reasons stated below, the motion is DENIED.

28 U.S.C. § 1292(b) guides the Court's decision and provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Sixth Circuit has noted as follows with respect to § 1292(b):

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.

*Kraus v. Bd. of Cty. Road Commissioners of Kent County*, 364 F.2d 919, 922 (6th Cir. 1966) (quoting *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431 (3rd Cir. 1958)). § 1292(b) is not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts. *Link v. Mercedes-Benz of North America, Inc.*, 550 F.2d 860, 863 (3d Cir. 1977).

"A question of law is 'controlling' if 'reversal of the district court's order would terminate the action.'" *Genentech, Inc. v. Novo Nordisk A/S*, 907 F.Supp. 97, 99 (S.D.N.Y. 1995) (citation omitted). Furthermore, "it is not enough that certification will not slow down this litigation; it must materially advance it. *See Isra Fruit Ltd. v. Agrexco Agricultural Export Co.*, *Ltd.*, 804 F.2d 24, 26 (2d Cir. 1986) (denying certification where determination on appeal would result in no "appreciable saving of time"); *In re Korean Air Lines Disaster*, 83-8428, 1992 WL 558996 at *2 (S.D.N.Y. Nov. 19, 1992) (Motley, J.) (denying certification where interlocutory appeal would not expedite litigation)." *Id.* at 100.

Akron contends that the issue of whether "selection" is defined by pass rates or promotion rates provides an appropriate question for certification. The Court finds no merit in the pending motion.

Akron's motion fails for several reasons. First, a certification will not avoid protracted and expensive litigation. While the parties vehemently disagree over whether Akron properly preserved this issue for review, Akron has repeatedly argued that it raised this issue beginning during motion practice in this matter. However, following motion practice, Akron did not seek to certify this issue. Since that time, the parties have engaged in a three-week long trial and extensive post-judgment motion practice. All that remains before this Court before a final ruling is a retrial limited to the issue of damages.

If the Court were to accept Akron's argument that this issue was preserved, a request to certify an interlocutory appeal would have conceivably avoided protracted litigation if made following motion practice – a practice which ended on November 26, 2008.  Filing such a request nearly 28 months later does little to nothing to avoid future protracted litigation.  Instead, as this Court intends to have a damages-only trial completed within this calendar year, Akron's request to certify an interlocutory appeal would only serve to extend this litigation, rather than expedite its resolution.  *See Kraus*, 364 F.2d at 922 (noting that a jury trial of only a few days and final disposition of a matter is preferable to a piecemeal appeal).

In addition, the Court is not at all confident that the question posed by Akron will materially advance the litigation.  A resolution of the question posed by Akron will no doubt affect the litigation, but as this Court previously stated:  "'The Supreme Court has rejected rigid mathematical formulas in analyzing statistics purporting to show disparate impact . . . . the 'entire evidence' in the record must be considered in determining whether a claim for discrimination has been proven.' *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 908 (6th Cir. 1991) (quoting *Bazemore v. Friday*, 478 U.S. 385, 404 (1986))."  Thus, contrary to Akron's argument, a resolution of the question at issue would at most reopen motion practice in this case.  There is no reason to believe that it would lead to dismissal of the complaint or entry of judgment for Akron. Because there is nothing to suggest that the appeal would terminate this litigation, it is also unlikely that the question posed by Akron meets the definition of "controlling law" required to satisfy § 1292(b).

Finally, the Court notes that much of the briefing of this matter has focused on whether Akron waived the issue it now seeks to certify.  While the Court has previously found such a waiver, that finding played no role in this decision.  Akron has simply failed to meet the standard

necessary to warrant certifying an interlocutory appeal.  Akron's motion to alter or amend the Court's prior order to certify an interlocutory appeal is DENIED.

    IT IS SO ORDERED.


March 21, 2011                                          */s/ John R. Adams*  
Dated                                                            JUDGE JOHN R. ADAMS  
                                                                     United States District Judge