## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM HOWE, et al., | ) CASE NO. 5:06 CV 2779 ) |
| Plaintiffs, | ) JUDGE JOHN R. ADAMS ) |
| v. | ) <u>ORDER</u> ) |
| CITY OF AKRON, | ) ) |
| Defendant. | ) |

During the final pretrial held on July 7, 2011, the Court revisited Plaintiffs' Motion for Promotion (Doc. 257) and ordered that Plaintiffs be promoted no later than July 18, 2011.  A detailed order will be filed shortly.  As a result of that order, the issue of front pay is no longer to be determined by a jury.

The question before the Court is whether Plaintiffs are entitled to a trial by jury on their claims for back pay.  Plaintiffs do not dispute that the issue of back pay is a remedy to be decided by the Court for at least some of their claims, but argue that they are entitled to a trial by jury on some of their remaining back pay claims.  Assuming for the sake of argument that Plaintiffs are correct, the Court finds that Plaintiffs are still not entitled to a jury trial in this matter since they forfeited their jury request on the issue of back pay at the first trial and failed to timely file a request for jury to determine back pay damages on retrial.

1

On numerous occasions this Court has pointed out that the retrial on damages is not a *carte blanche* for the parties to correct mistakes made in the first trial.  In the same manner that the City of Akron failed to raise the issue of lost opportunities during the initial trial and are prohibited from raising this issue on the retrial, Plaintiffs did not submit the question of back pay to the jury for determination during the first trial.

Plaintiffs did not argue back pay during the initial trial, did not request a jury instruction on back pay (See Doc. 138, 233, 309), and did not object when the Court instructed the jury without any reference to back pay (See Doc. 233 and Doc. 309, page 10-12).  In fact, the jury verdict and interrogatories did not contemplate an award for back pay[1]. See Doc. 237.  For each Plaintiff's individual verdict form the jury determined only the amount of compensatory damages and the total amount of front pay. See Doc. 237. It the Findings of Fact and Conclusions of Law, the Court found that the jury's monetary award was front pay only: "Plaintiffs shall receive front pay as determined by the jury. The Court will consider all other remedies following full briefing by the parties." Doc. 277, No. 104.

Plaintiffs recognized that the original jury made no determination of back pay and filed a Motion For Promotion with Back Pay requesting that this Court enter an award of back pay in addition to the compensatory damages awarded by the jury:

> Since there was no jury instruction, interrogatory nor verdict form that set forth the amount for back pay versus compensatory damages, it is not possible to parse out from the individual verdicts how these damages were determined by the jury and of what they consist. But, since the compensatory damages awarded by the jury were not equal to the amount of back pay loss incurred by each

---

[1] Plaintiffs' initial Proposed Jury Verdict forms requested a jury determination for back pay. Doc. 139, page 13. Plaintiffs requested a jury instruction regarding liquidated damages, the calculation of which is equal to the amount of the back pay award. The Court refused to give an instruction on liquidated damages since Plaintiffs had produced no evidence of a willful discrimination. Plaintiffs did not submit a jury instruction on the issue of back pay and did not object to the final Verdict forms' request for values for compensatory damages and front pay only.  From the Court's perspective the Plaintiffs never brought up the issue of back pay, to the extent they argued for liquidated damages the Court does not find that the two are equivalent.

2

> Plaintiff, there can be little issue that the compensatory damages were not the make-whole remedy contemplated by Title VII. Therefore, the back pay awarded should be cumulative to the compensatory damages already awarded by the jury.

Doc. 257.

In their Motion to Alter or Amend the Judgment (Doc. 280), Plaintiffs requested that the Court alter or amend the Judgment (Doc. 278) to add, *inter alia*, back pay, to be calculated for each prevailing Plaintiff through the date of judgment or promotion (for any Plaintiffs promoted). In Plaintiffs' memorandum in response to their Motion to Alter or Amend the Judgment, Plaintiffs again acknowledge that the initial jury award did not contemplate back pay:

> It is undisputed that the jury in this case awarded front pay and general compensatory damages. There were no back pay damages awarded, and the general compensatory damages were not near at the level of an equitable back pay award. Since there was no jury instruction, interrogatory nor verdict form that set forth the amount for back pay versus compensatory damages, it is not possible to parse out from the individual verdicts how these damages were determined by the jury and of what they consist. But, since the compensatory damages awarded by the jury were not equal to the amount of back pay loss incurred by each Plaintiff, there can be little issue that the compensatory damages were not the make-whole remedy contemplated by Title VII. Therefore, the back pay awarded should be cumulative to the compensatory damages already awarded by the jury.

Doc. 288. Plaintiffs then went on to calculate back pay for each and every Plaintiff and requested that the Court enter the appropriate amount of back pay as additional recovery for each Plaintiff. Doc. 288. The Court held the Plaintiffs' request regarding the calculation of back pay in abeyance. Doc. 311.

It is clear to this Court that at every opportunity Plaintiffs have treated the calculation of back pay damages as a matter to be decided by this Court rather than a jury. Despite Plaintiffs' general jury request, they did not seek a back pay damages calculation from a jury. Both prior to

and after the jury trial, Plaintiffs asked the Court to award back pay damages and promotion.  In fact, the first time Plaintiffs sought a jury determination on back pay was in their Proposed Jury Instructions for the retrial filed July 1, 2011.  Doc. 374.  The Court finds that Plaintiffs forfeit any right to have a jury decide any issue regarding back pay.

This decision is consistent with the Court's previous decisions regarding waiver of arguments to be presented to a jury.  Previously, the Court determined that the City of Akron "waived any argument regarding lost opportunities and shall not argue lost opportunity during the retrial."  Doc. 387. The Court reasoned that Akron "did not argue lost opportunity during the initial trial, did not request a jury instruction on lost opportunity, and did not object when the Court instructed the jury without any reference to lost opportunities." Doc. 387.

Plaintiffs also recognize that an argument not raised in the previous trial is forfeited on retrial.  In their Motion in Limine Regarding Discounting Plaintiffs' Economic Damages Due to Lost Opportunities or Any Form of Probability of Promotion, Plaintiffs argue that Akron "waived any possible arguments it might have raised as to this issue, just as this Court has already determined it has waived any arguments it could have made regarding pass rates and several other issues." Doc. 379.  This Court finds that the same applies with respect to Plaintiffs' waiver of its initial request to a jury trial on the issue of back pay.

Furthermore, Plaintiffs have not timely requested a trial by jury on the issue of back pay as necessary under Civ. R. 38.  Plaintiffs' waived their right to a trial by a jury on the issue of back pay as explained above. Civil Rule 38 requires a party to timely request a trial by jury and failure to do so results in a waiver of a jury trial.  This Court finds that Plaintiffs failed to request retrial by jury on the issue of back pay after forfeiting their initial jury request.  As such, Plaintiffs waived their right to a jury trial on issues so triable.

Wherefore, **this matter shall proceed to a bench trial commencing on Monday, July 18, 2011**, to determine the amount of back pay to which each Plaintiff is entitled. Consistent with the Trial Order (Doc. 326), the parties shall prepare Proposed Findings of Fact and Conclusions of Law. Because of the timing of this Order, however, the deadline for these filings will be decided upon at the conclusion of the bench trial.

As the result of this Order, the Court denies as moot all motions in limine filed in this matter (Docs. 364, 365, 366, 367, 368, 369, 375, 376, 377, 378, 379, 380, 381, 382, 383, and 384). The Court will deal with the evidentiary issues raised in those motions as necessary throughout the bench trial.

IT IS SO ORDERED.

 July 8, 2011                         _____*/s/ Judge John R. Adams*_____
Date                                        JUDGE JOHN R. ADAMS
                                                     UNITED STATES DISTRICT COURT