UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM HOWE, et al., | ) | CASE NO. 5:06 CV 2779 |
|  | ) |  |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
|  | ) |  |
| v. | ) | <u>ORDER</u> |
|  | ) |  |
| CITY OF AKRON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter came before the Court for a retrial on damages only in July of 2011. Plaintiffs rested their case-in-chief on July 28, 2011. After the Court denied the City's Motion for Judgment on Partial Findings under Federal Rule of Civil Procedure 52(c), the trial re-commenced and concluded in November 2012.  Following conclusion, the City renewed its motion for judgment. Upon consideration of the evidence presented by the parties, Defendant City of Akron's motion for judgment under Rule 52(c) is, hereby, DENIED.

To the extent that the City has again sought for this Court to revisit liability, the Court declines to accept the invitation.  The remainder of the renewed motion focuses upon whether there was sufficient evidence to support a finding that Plaintiffs have proven damages. Consistent with this Court's Findings of Fact and Conclusions of Law (Doc. 588), Mark McLeod's testimony on cross-examination is enough to satisfy

Plaintiffs' burden. The sole argument that the City raises in opposition to McLeod's testimony is that this Court should by some means set aside McLeod's testimony as an additional form of sanction for the Plaintiffs attempting to introduce expert testimony through Plaintiffs Carr and Snyder. The Court already excluded the calculations and summaries performed by Carr and Snyder, and awarded the City its attorneys' fees related to that evidence. There is no legal basis for further excluding McLeod's testimony as it was both relevant and admissible. Moreover, any assertion that McLeod's calculations were generated in response to Carr and Snyder, even if accepted as true, would not give rise to a legal basis to exclude McLeod's calculations..

The City contends that its legal theory implementing a decrease in the award for each Plaintiff based on promotional probability must also be accepted if this Court relies on any of McLeod's calculations. The City previously waived that legal theory and that waiver not somehow diminished by virtue of the fact that other calculations McLeod performed were questioned by the Plaintiffs. The Court has consistently excluded any argument or calculations on that theory because it was not presented in the original trial. The door was not reopened on this legal theory by virtue of Plaintiffs' cross-examination of McLeod on a separate and distinct issue. The waiver stands.

The City takes issue with the fact that after the evidence closed, Plaintiffs highlighted alleged errors in McLeod's testimony. The Court agrees that it was improper for the Plaintiffs to attack or diminish McLeod's testimony after the close of evidence. Plaintiffs' supplements (Docs. 560 and 562) will be disregarded in their entirety. However, disregarding those supplements does not alter the Court's decision and reliance on McLeod's trial testimony for determining the back pay amounts for each Plaintiff.

Accordingly, the City of Akron's renewed motion for judgment on partial findings is DENIED.

IT IS SO ORDERED.

 September 3, 2013                                     /s/ *Judge John R. Adams*
Date                                                   JUDGE JOHN R. ADAMS
                                                       UNITED STATES DISTRICT COURT