IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, *et al*, | ) | CASE NO.: 5:06 CV 2779 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE ADAMS |
| | ) | |
| CITY OF AKRON, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' LETTER AND MOTION FOR RECOMMENDATION OF CONTEMPT
OF THE DISTRICT COURT'S ORDER ON PROSPECTIVE RELIEF, Doc. NO. 643**

**To David Cohen, Special Monitor:
Re:** *Howe v. City of Akron*

It has come to the attention of Plaintiffs that the Defendant City of Akron and the Union President (Local 325) have been negotiating in private and recently reached a "tentative agreement" to supersede the District Court's Order allowing the Prevailing Plaintiffs prospective relief in the form of the Court Monitor's and the Parties to this case. To wit: Defendant City of Akron has attempted to do an end-round of Prevailing Plaintiffs' rights and negotiated, or are still in the process of negotiating, an agreement on prospective relief that defies the Court's Order that "At a minimum, Plaintiffs must be made a part of any new process to even approach a make whole remedy." (Doc. 643, PAGE ID # 17331).

Defendant Akron apparently has been working through the Union to side-track the arbitration of the Union's pending grievance and arbitration, to be held shortly. Neither

1

Plaintiffs nor their counsel – nor the Monitor -- have been invited to this negotiation or even notified of it, despite pending litigation and a pending appeal on the appointment of prospective relief and a Court Monitor via a federal court ruling. Despite the efforts of the Court and its appointment of David Cohen, as Court Monitor, and the Plaintiffs' efforts to work with Akron and all the experts involved to produce a valid promotional testing system, Akron and the Union have reached a tentative settlement agreement that would abolish all testing and promote based solely on years of service at the Akron Fire Department. This has all been clandestine and only came to the attention of Plaintiffs' counsel within the last few days. It does not involve the parties to this litigation.

Regardless, Plaintiffs have neither been notified nor involved in this process, nor Plaintiffs' counsel assume, has the Court or the Court Monitor. The latest tentative agreement (a Memorandum of Understanding or "MOU") is attached as Ex. 1. The MOU likewise runs afoul of the City's Charter and Civil Service Rules. While the MOU states that it shall be run by the Court Monitor, it does not mention the Prevailing Plaintiffs or the impact on them, the Court's Order, or propose any reasonable merit-based promotional system.

The tentative MOU likewise runs afoul of Akron's own past practices, derails the time and efforts to date of the parties' working for a new and quickly implemented promotional process (as was the Court's intention), and will likely involve additional and complex litigation.

Because the Union is not a party, Plaintiffs view any such agreement as a direct violation of the Court's order, which will undoubtedly result in further skirmishes and litigation between the parties, as the Plaintiffs will be forced to possibly bring in the Union as a party and have a fairness hearing (a mini-trial), delaying the disposition of this case, in which Plaintiffs won on the merits in 2008.

Further, given the record in this case, it appears that Akron is attempting to impede Plaintiffs' response to Akron's appeal of prospective relief and the appointment of the Court Monitor, the response of which by Plaintiffs in the Sixth Circuit Court of Appeals is due October 28, 2014.[1]

Plaintiffs and their counsel feel that this is the latest move by Akron to deliberately circumvent the Court's authority. Under the Court's Order, sanctions (including contempt of Court) are permitted if any party disobeys the edict of the Court that the parties to this litigation are to work with the Monitor to establish, quickly, a new testing promotional process and the intended make-whole remedy to which the Plaintiffs are entitled under *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 421 (1975). They also believe that this action or attempted action is in contempt of Court and the Court Monitor's duties, pursuant to paragraph 12, Doc. No. 643, Page ID # 17334. Further, it is merely interposed for the purposes of further delay by Akron, as shown below.

## II.     Pertinent Record Cites to Date

Plaintiffs understand the Court's need for directed citations to the record and related facts. This case was first filed in 2006 in state court; the TRO was denied because Akron claimed Plaintiffs had the right to full equitable remedies under federal law. This is undisputed and put in the record by Akron.

In 2008, when the case was assigned to Judge Adams, the judge requested that Plaintiffs provide a settlement offer to Akron. Plaintiffs put in days of developing such a settlement offer

---

[1] The District Court sanctioned Akron previously for several issues regarding Akron's similar actions in this case, discussed *infra.*

3

that they felt was fair, including oversight of future promotional processes. (Ex. 2). Then-City Attorney Patricia Ambrose Rubright circulated the Plaintiffs proposal to the Union and invited the Union to participate. (Doc. 68, Ex. 3, Rubright letter to Gauer). The Union declined. Nonetheless, the confidential written settlement proposal was circulated in every station house in the City for all to see. (*Id.,* Exs. 4, 5). Akron never discussed this improper exploitation with Plaintiffs or the Court. Regardless, the Union declined to get involved. This did not invoke trust in the Plaintiffs.

2.  **Akron's falsified Assurance of "Provisional Promotions" in Defiance of Court Order**

    In July 2011, days prior to the trial of the damages, Akron counsel represented to the Court and Plaintiffs that it intended to hold examinations and was in dire need of working personnel. In a telephone conference, Plaintiffs suggested promotions of the Prevailing Plaintiffs. The Court agreed. Akron's counsel then announced that it would be providing "provisional promotions" to the Plaintiffs and that there was no difference between "provisional" and actual promotions. This was false. Plaintiffs were forced to prove this, and the Court (Doc. 454) noted Akron's false behavior and ordered that "full" promotions be made. This impeded Plaintiffs' preparation for the damages portion of the re-trial, which was scheduled in the next few days.

3.  **Court Sanction of Akron on a Falsified Motion to Compel**

    Shortly before the damages trial, Akron warned it would file a motion to compel documents on study habits of Plaintiffs. The District Court noted the ability of Akron to have inquired previously on these issues and forbade the City to inquire further. Akron filed a motion to compel anyway to "proffer" its arguments. The Court specifically noted that "Defendant has

engaged in bad-faith conduct…clearly the matter was already part of the record and was merely a tactic to impede both this Court's and Plaintiffs' counsels' ability to prepare for the upcoming trial. (Doc. 387). The Court sanctioned Akron.

**4.     False Representations by Akron of Union Compliance in a New Process**

In attempting to yet again circumvent the Court and Plaintiffs' motion for prospective relief, Akron filed a supplemental opposition in which Akron's counsel Rubright filed an affidavit stating that 1) the City anticipated future testing with the firm Morris & McDaniel, Inc. (¶ 3); 2) the City approached the Union and they all chose Morris & McDaniel (neither Plaintiffs nor the Court were informed of this beforehand) (¶8); 3) Akron unilaterally cancelled the examinations scheduled for 2012 after Plaintiffs learned of it and requested involvement.[2]

Most importantly, Akron's counsel, Ms. Rubright filed a "Supplemental objection to prospective relief (Doc. 616), claiming that she had been negotiating with the Union and again alleged they had reached an "accord." (See Doc. 616, and 616-1 ¶¶ 3, 7, 15, affidavit of Patricia Ambrose Rubright). Upon learning of this erroneous filing by Akron, then-Union president sent a letter to both Rubright and the undersigned that emphatically stated no agreement would be made without involvement of the Plaintiffs. (Doc. 632-4).

**5.     The Court Orders Injunctive Relief for Plaintiffs and a Say in the Process**

Following that, the case remained until the District Court ruled that Plaintiffs were entitled to prospective relief.   Meanwhile the City of Akron has filed numerous piecemeal

---

[2] As the Sixth Circuit Court of Appeals stated, citing the district court, "Akron chose not to engage in a new promotional process after litigation began.  …. Akron chose to maintain v acancies…artificially decreasing the vacancies at the Captain's level. *Akron  may now not consolidate all of its voluntary decisions and foist the results on the Plaintiffs.* (*Howe v.Akron "I",* No. 11-3752, F __ 3d. __ (July 22, 2013), Slip Op. 14. (Emphasis in original).

interlocutory appeals on equitable remedies.  They remain pending, including prospective relief and the appointment of Mr. Cohen, Court Monitor.

**6.      False assurance to the public, the Court and the Plaintiffs by Mayor Don Plusquellic**

After the District Court Ordered Plaintiffs' involvement in the prospective relief (Doc. 643), Akron Mayor Donald Plusquellic gave a public announcement that he was tired of litigation and wanted to minimize the Court Monitor's role; the Mayor further stated "Regardless, it is time to move forward with these two promotional tests [those developed by Morris & McDaniel].  Firefighters are anxiously awaiting their to take a promotional test and should not have to wait any longer.  Our citizens deserve skilled decision-makers in these positions and at the scene of a fire."  The Mayor also explicitly stated, "In an attempt to break this logjam, I have instructed our attorneys to draft a proposal **where all parties** and the union work with the Court Monitor…. (Ex. 6).

### III.    LAW AND ARGUMENT

Aside from the District Court's mandates, including proceedings for contempt, a Court Monitor or special master is afforded under Fed. R. Civ. P. 53:

> (c) Master's Authority.
>  (1) In General. Unless the appointing order directs otherwise, a master may:
>  (A) regulate all proceedings;
>  (B) take all appropriate measures to perform the assigned duties fairly and efficiently; and
>  (C) if conducting an evidentiary hearing, exercise the appointing court's power to compel, take, and record evidence.
>  (2) Sanctions. The master may by order impose on a party any noncontempt sanction provided by Rule 37 or 45, **and may recommend a contempt sanction against a party and sanctions against a nonparty**.
> (d) Master's Orders. A master who issues an order must file it and promptly serve a copy on each party. The clerk must enter the order on the docket.

### IV.    CONCLUSION

As set forth in the record, Akron has continually defied the Court's Orders. This has not only involved wasted time, but is an affront to the authority of the Court and appointed Court Monitor to find the most valid promotional procedure. Plaintiffs believe Akron is in contempt. Further, as they just learned of this, they are at a loss as to how to proceed. A discussion with the parties experts is scheduled for this date.

In light of the clandestine actions by the City of Akron and the prior representations of Akron, Plaintiffs request that this Motion be entertained. Plaintiffs do not want to have the Union involved, unless it is by agreement of all and the involvement of all. This litigation trumps all the outside interests, and the Sixth Circuit has agreed on the merits as they stand and the promotions already taken place of the Plaintiffs precisely because of invalid tests of which the City was on notice when it began the promotions.

In the words of the Mayor, it is time for the testing to move forward and the litigation be done. From Plaintiff's understanding, the Union itself does not want to interfere with the lawsuit, either. But Plaintiffs remain befuddled. What are they supposed to do? We believe contempt proceedings are in order, or at the least, to make these proceedings meaningful and to sanction Akron for its actions. We wish to proceed as **parties** pursuant to the Court's Order without interference.

        Respectfully submitted,

        */s/ Dennis R. Thompson*
        Dennis R. Thompson,  #0030098
        law@thompsonbishop.com
        Christy B. Bishop,# 0076100
        bishopchristy@gmail.com
        Thompson & Bishop Law Offices
        946 Kenmore Boulevard
        Village of Kenmore
        Akron, Ohio 44314
        330-753-6874
        Fax: 330-753-7082

        */s/ Bruce B. Elfvin*
        Bruce B. Elfvin #0015964
        bbe@elfvinbesser.com
        Barbara K. Besser #0017624
        bkb@elfvinbesser.com
        Stuart Torch #0079667
        stuart.torch@elfvinbesser.com
        4070 Mayfield Road
        Elfvin & Besser
        Cleveland, Ohio  44121
        216-382-2500
        216-381-0250 (facsimile)

        ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

  A copy of the foregoing was sent to all counsel of record, via ecf electronic notification this 20 day of October, 2014.

        */s/ Dennis R. Thompson*
        One of the Attorneys for Plaintiffs