# DRAFT

### MEMORANDUM OF AGREEMENT

This Memorandum of Agreement is entered into between the City of Akron, Ohio ("the City") and the Akron Firefighters Association, Local #330 ("the Union"), pursuant to Ohio Revised Code Chapter 4117.

WHEREAS, on October 23, 2013, the Union filed a grievance alleging the City violated the Working in a Higher Classification and Shift Commanders Memorandum of Agreements by allegedly circumventing promotional opportunities in the Akron Fire Department ("the Grievance").

WHEREAS, the Grievance is set for arbitration in FMCS Case No. 14-51467 with hearing dates set for October 27 and 31, 2014, before Arbitrator Floyd D. Weatherspoon.

WHEREAS, the parties have negotiated this Agreement regarding promotions in settlement of the Grievance pursuant to Ohio's Collective Bargaining Act, Revised Code Chapter 4117.

WHEREAS, the City of Akron and the Akron Firefighters Association, IAFF Local 330 hereby agree to the following terms, subject to the approval of the Court Monitor appointed in *Howe v. Akron,* U.S. District Court, Northern District of Ohio, Eastern Division, Case No. 5:06CV2779 ("the *Howe* case") , for the limited purpose of promoting bargaining unit members to the positions of Fire District Chief, Fire Captain, and Fire Lieutenant, in settlement of the pending Grievance in the matter of arbitration between the *Akron Firefighters Association, IAFF Local 330 and City of Akron*, FMCS Case No. 14-51467.

The parties agree to the following:

A) No later than January 1, 2015, the City shall promote bargaining unit members to fill vacancies in the ranks of Fire District Chief, Fire Captain, and Fire Lieutenant, so that for the duration of this Agreement, there shall be at least:

>> Ten (10) Fire District Chiefs
>> Seventeen (17) Fire Captains
>> Seventy-six (76) Fire Lieutenants

After January 1, 2015 and for the duration of this Memorandum of Agreement ("MOA"), should a vacancy occur in one of the above ranks that causes the total number of officers to drop below the above-specified numbers, the City shall promote from the eligibility list established in Section B of this MOA for that rank using the "Rule of Three", as defined in Section 108 of the Akron City Charter, within thirty (30) days of the vacancy.

These provisions and any other terms stated in this MOA or the Settlement Agreement do not constitute a negotiated minimum manpower or minimum staffing level. The promotional process terms set forth herein constitute a negotiated settlement, with no application beyond the terms of this MOA or the Settlement Agreement.

B) Upon approval of this MOA by the Court Monitor, the promotions set forth in this MOA shall occur as follows:

1) The Fire Administration will post sign-up lists for fourteen (14) calendar days for: Fire Captains interested in being promoted to the position of Fire District Chief; Fire Lieutenants interested in being promoted to the position of Fire Captain; and Firefighter/Medics interested in being promoted to the position of Fire Lieutenant. The sign-up lists shall be posted at all Fire stations and the administrative offices.

2) At the conclusion of the posting period an eligibility list shall be established for each rank. The eligibility list for each rank will list in order of Seniority those bargaining unit members who signed up within the posting period and satisfy the minimum qualifications for the position. For purposes of this MOA, "Seniority" is defined as years of continuous service with the Akron Fire Department.

3) Within one (1) week after the establishment of the eligibility lists, the Fire Administration will begin interviewing the candidates on the eligibility lists for the positions of Fire District Chief, Fire Captain and Fire Lieutenant. The Appointing Authority will select the candidate(s) to be promoted based on the "Rule of Three" as defined in Section 108 of the Akron City Charter.

C) The terms of this MOA and the eligibility lists for each officer position shall remain in effect until December 31, 2015, or until new eligibility list(s) is/are established as a result of testing established through the Court Monitor process in *Howe v. Akron*, whichever occurs first. However, if a new eligibility list has not been established through the Court Monitor process by December 31, 2015, the parties may extend the effective date of this MOA and the seniority-based eligibility lists to a date mutually agreed upon and approved by the Court Monitor.

D) Any dispute concerning the interpretation, application or violation of the terms or provisions of this Memorandum of Agreement shall constitute a grievance as defined under the Collective Bargaining Agreement (CBA) and be resolved through the process set forth in the CBA Collective Bargaining Agreement (CBA).

E) The terms of this MOA apply only to the promotional process negotiated by the parties and set forth in this Agreement and approved by the Court Monitor. This Agreement prevails over any and all other conflicting laws, resolutions, and provisions for the limited duration of this Agreement and the Settlement Agreement. The terms of this MOA are non-precedential and apply only to the specific subject matter addressed herein. The terms of this MOA do not constitute a waiver or release of any of the rights of the City of Akron or the Akron Firefighters

Association, IAFF Local 330, including the parties' rights under the CBA. The terms of this MOA shall not be admitted as evidence, nor have any force or effect in any future proceedings between the parties, except to the extent necessary to enforce the terms of this MOA, if necessary.

F)  The parties shall jointly present and support the approval of this Agreement, and if necessary, extensions of the eligibility list(s) created pursuant to this Agreement.

G)  The Settlement Agreement is incorporated by reference into this MOA.  If either Agreement is null and void for any reason, the other agreement shall also be null and void.

FOR THE CITY OF AKRON:		FOR THE AKRON FIREFIGHTERS
					ASSOCIATION, IAFF LOCAL 330:


_____		_____
Randy Briggs				Russ Brode
Deputy Mayor of Labor Relations		President, IAFF Local 330


_____			_____
        Date					        Date