**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM HOWE, et al., | ) | CASE NO. 5:06 CV 2779 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CITY OF AKRON, | ) | |
| | ) | |
| Defendant. | ) | |

On September 17, 2015, the Sixth Circuit Court of Appeals issued its decision in three consolidated appeals in this matter (Appeal Nos. 13-4172, 13-4268, and 14-3352). No mandate has issued and thus jurisdiction over the issues involved in the appeal remains with the appellate court.

Within its opinion, the appeals court affirms a vast majority of the substantive rulings entered by this Court, including the finding a jury made regarding liability following a three-week trial. The appellate court, however, announced that it would reverse this Court's award of back pay and require that damages be tried for a third time. In addition, the appellate court ordered that the matter be reassigned to another district judge for all future proceedings.

In so ordering, the appellate court held that "district judges have a "responsibility for moving a case forward, and this district judge has not done that." Doc. 792 at 50 (citation omitted). The appellate court chose to highlight the time frames between the first trial in this matter and the issuance of findings of facts and conclusions of law. It also chose to highlight the

time it took this Court to resolve post-judgment motions. In so doing, the appellate court does not discuss in any manner the other filings and motions pending in this very same case during those time frames. The appellate court also makes no mention of the more than 20 extensions and/or continuances sought and received by all parties. As the opinion from the appeals court has generated much publicity, I feel it important the public have a more full view of the record in this matter. Of course, a full view would require some mention of the **792** entries that comprise the docket in this matter.

The appellate court also does not discuss that this matter has been continuously before the Circuit itself in some manner for **four years and two months**. The first appeal was filed on July 14, 2011. By the time that appeal was resolved on October 15, 2013 (a delay longer than any identified in this Court), a second appeal had been filed on October 26, 2012 that remained pending. By the time that second appeal was dismissed for lack of jurisdiction on February 26, 2014, the third and fourth appeals were pending, soon followed by the fifth appeal. As a result, while the appellate court discussed the protracted nature of this suit, that same court did not mention that it had maintained some form of jurisdiction over the matter for **1526** consecutive days. As a result, for that same time frame, this Court had its jurisdiction limited in some manner.

Based upon the above, I cannot find myself in agreement with the analysis requiring my removal. I do, however, fully agree that "[a]t some point, this litigation needs to end." Moreover, I agree that the "petty, scorched-earth litigation tactics" employed by the parties will certainly create an obstacle to any newly assigned judge getting up to speed in the matter. Accordingly, in the interest of the parties, their counsel, and the ultimately-assigned judge, I hereby RECUSE pursuant to 28 U.S.C. § 455. The case is hereby returned to the Clerk of Court

for reassignment.  It is my sincere hope that my prompt recusal will allow additional time for the newly reassigned judge to review the matter and proceed following the mandate as the Sixth Circuit has desired.

    IT IS SO ORDERED.


 September 18, 2015                                 /s/ *Judge John R. Adams*  
Date                                               JUDGE JOHN R. ADAMS  
                                                      UNITED STATES DISTRICT COURT