# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, et al., | ) | CASE NO. 5:06-cv-2779 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CITY OF AKRON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of Jeffrey McCready ("McCready") to intervene as of right pursuant to Fed. R. Civ. P. 24(a). (Doc. No. 784 ["Motion"].) Attached to the motion is the proposed intervenor's complaint. (Doc. No. 784-1 ["Prop. Compl."].) All parties have opposed the motion (Doc. No. 787 ["Def. Opp'n"]; Doc. No. 788 ["Pltfs. Opp'n"].) McCready replied separately to defendant's and plaintiffs' opposition. (Doc. Nos. 789 ["Reply to Def."] and 790 ["Reply to Pltfs."], respectively.) In addition, McCready filed a supplement to his motion to intervene. (Doc. No. 804.) For the reasons discussed herein, the motion to intervene is denied.

## I. Background

Plaintiffs filed this action on November 16, 2006, alleging that the City of Akron's promotional testing for firefighters for the ranks of Lieutenant and Captain disparately impacted firefighters over the age of forty in violation of state and federal age discrimination laws. In addition, plaintiffs alleged that the promotional process for firefighters for the rank of Lieutenant adversely impacted African-American applicants,

and the promotional process for the rank of Captain adversely impacted Caucasian candidates, all in violation of federal and state discrimination laws. *See Howe v. City of Akron*, 801 F.3d 718, 723-24 (6th Cir. 2015). The lengthy history of this case, both at the trial court and Sixth Circuit Court of Appeals, has been summarized by the Sixth Circuit in its most recent decision remanding this case for further proceedings. *See Howe,* 801 F.3d at 724.

McCready seeks to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) in order to "challenge the testing for Akron Firefighter Lieutenant, performed under the Court's protocol in February, 2015, with results announced in May of 2015." (Motion at 19008.[1]) McCready's challenge relates to one error that occurred during the administration of the test, and a sorting error that occurred with respect to the compilation of results.  McCready does not allege that either of the errors had any age or race-based disparate impact on himself or other affected testees. Rather, McCready's complains that his test scores were adversely affected by the errors, and left him off of the "eligible list" for promotion despite the fact that he has worked in the role of Lieutenant for the past five years with favorable performance evaluations. (*Id*.).

The first error was a video malfunction during the "situational awareness" testing, which cut-off the test takers time to answer before the allotted time to answer had expired. A partial re-test was administered to McCready and the other testees who experienced this video malfunction. The City of Akron's testing firm, Morris &

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

McDaniel, performed a statistical analysis of the results of the re-tested applicants, which demonstrated no statistical differences between the re-tested applicants and the applicants who did not experience the video malfunction. The court appointed monitor also reviewed the data. The video malfunction and corrective measures were explained in a letter to the applicants from the City of Akron's interim personnel director. (Doc. No. 784-3.) But McCready's score for situational awareness was only 3.8 out of 7, and McCready claims that "there is nothing in his employment evaluations when acting as Lieutenant that would have predicted this result." (Motion at 19010.).

With respect to the second error, Morris & McDaniel, improperly sorted a spreadsheet of testee scores, "which [led] to mismatches between identities and test scores." (*Id.*) The sorting error was explained to the Lieutenant candidates in a letter from the City of Akron's interim personnel director. (Doc. No. 784-4.) Morris & McDaniel "claimed that the problem only affected the scores for the written portion of the test, and claims to have unwound the mistake, but even after the 'correction,' McCready is still credited with a 66 out of 100 on the written portion of the test, and 2 out of 7 in the oral portion of the test. These results are not in any way predicted by the performance reviews that McCready received in the 5 years he acted in the position he was testing for. Ultimately, these test scores were insufficient to place McCready on the 'eligible list.'" (Motion at 19010-11.).

McCready, through counsel, wrote to the City of Akron concerning his test scores. (Doc. No. 787-1.) According to the City's response, which McCready does not dispute, Lieutenant testing and scoring in February 2015 was conducted by the testing

experts under the oversight of the court appointed monitor. A protest process was available for the written portion of the test. McCready had an opportunity to examine a keyed copy of his written job knowledge test and he was given a copy of his answer sheet at the test site. When the City responsed to McCready's counsel by letter dated June 3, 2015, the protest period had expired. (*Id*. at 19052.) Because the City will not entertain an appeal regarding the errors that McCready claims negatively affected his scores, "McCready seeks to intervene in this action to challenge the fairness of the testing." (Motion at 19009.).

## II. DISCUSSION

### A. Fed. R. Civ. P. 24(a)(2)—Intervention as of right

Rule 24(a)(2) provides that a court must permit anyone to intervene who:

claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect his interest, unless existing parties adequately represent that interest.

The Sixth Circuit Court of Appeals requires a proposed intervenor to satisfy four factors before being entitled to intervene:

(1) the motion to intervene is timely;

(2) the proposed intervenor has a substantial legal interest in the subject matter of the case;

(3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and

(4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

4

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citation omitted). Failure to satisfy any of the four factors requires the motion to intervene be denied. *United States v. Mich.*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). "[T]he applicant bears the burden of establishing the right to intervene." *Nextel W. Corp. v. Twp. of Scio*, No. 07-11159, 2007 WL 2331871, at *1 (E.D. Mich. Aug. 13, 2007) (citing *Bradley v. Milliken,* 828 F.2d 1186, 1192 (6th Cir. 1987)).

**B. Analysis**

**1. No substantial interest in the subject matter of the case**

McCready describes his interest[2] in intervening in this case as follows: "assuring that the testing that purports to deprive him of the opportunity for official promotion into the position that he has been serving in for five year was fair in light of the documented problems with the process." (Motion at 19011-12.).

With respect to analyzing McCready's interest in this litigation,

> There is no clear definition for what constitutes a litigable 'interest' for purposes of intervention under Fed. R. Civ. P 24(a)(2)." *Trinity Universal Ins. Co. v. Turner Funeral Home,* 2003 WL 25269317, *5 (E.D. Tenn., Sept.18, 2003); *see also St. Paul Fire & Marine Ins. Co. v. Summit-Warren Industries Co.,* 143 F.R.D. 129, 133 (N.D. Ohio, 1992) ("as more than one commentator has noted, the federal judiciary has experienced considerable difficulty in defining the interest necessary to satisfy Rule 24(a)(2) since the time of its 1966 amendment."). While the Sixth Circuit has adopted an expansive notion of "interest" for purposes of Rule 24(a), *see Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir. 1997) (noting that "interest" is to be construed liberally), "this does not mean that any articulated interest will do." *Coalition to Defend Affirmative Action v. Granholm,* 501 F.3d 755, 780 (6th Cir. 2007). Indeed, the Sixth

---

[2] McCready makes no argument in his motion regarding the other three factors that must be satisfied to succeed in a Rule 24(a) motion, although he contends in his reply to the City of Akron's opposition to the motion that these elements are satisfied. (Reply to Def. at 19062-63.).

Circuit has required the proposed intervenor to have a "direct and substantial" interest in the litigation which is "sufficiently protectable." *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989). Whether a proposed intervenor's interest is substantial is necessarily a fact-intensive inquiry. *Miller* at 1245; *U.S. v. Tennessee*, 260 F.3d 587, 596 (6th Cir. 2001).

*Energy Coal Res., Inc. v. Paonia Res. LLC*, Civil Action No. 08-117-DLB, 2008 WL 5397179, at *2 (E.D. Ky. Dec. 24, 2008).

The Sixth Circuit's "requirement that the proposed intervenors possess 'a significant legal interest in the subject matter of the litigation' is not without meaning." *Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 371-72 (6th Cir. 2014) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990)). "[T]he applicant for intervention 'must have a direct and substantial interest in the litigation, *Grubbs v. Norris,* 870 F.2d 343, 346 (6th Cir.1989), such that it is a 'real party in interest in the transaction which is the subject of the proceeding.' *Providence Baptist Church [v. Hillandale Comm., Ltd.],* 425 F.3d [309,] 317 (quoting *Mich. State AFL–CIO v. Miller,* 103 F.3d 1240, 1246 (6th Cir.1997))." *Reliastar* 565 F. App'x at 372.

In support of his Rule 24(a) motion, McCready cites *Jansen.* Before the *Jansen* case was filed, the City of Cincinnati had been sued by African-American applicants for the position of "fire recruit," alleging race discrimination in recruitment, testing, hiring, and promotion. *Jansen*, 904 F.2d at 338 (citing *Youngblood v. Dalzell*, 804 F.2d 360, 361 (6th Cir. 1986)). That case was resolved when the parties entered into a consent decree that established an affirmative action program governing hiring and promotion in Cincinnati's fire division. *Id*. In *Jansen*, Caucasian fire recruit applicants that were denied admission to the fire recruit class under that affirmative action program

6

sued the City of Cincinnati, alleging that the city's use of race based eligibility lists and predetermined minority quota violated the consent decree and the law. *Id*. at 339.

The plaintiffs in *Jansen* moved for summary judgment on the issue of liability, and the city opposed the motion. A class of black applicants and fire division employees sought to intervene, contending that the city's opposition failed to advance important arguments in support of its hiring practice under the consent decree, and the proposed intervenors sought to file their own memorandum opposing plaintiff's summary judgment motion to address those arguments. *Id*. The district court denied the proposed intervenors' motion on the grounds that their interest in the litigation was insufficient and their motion untimely. *Id*.

The Sixth Circuit reversed, finding that the proposed intervenors were parties to the consent decree and, at stake in *Jansen*, was the interpretation of the consent decree and the proposed intervenors' interest in continuing affirmative action thereunder. *Id*. at 342. The Sixth Circuit concluded that this constituted a significant legal interest in the outcome of the litigation, and the proposed intervenors' interest was not adequately protected by the city, which had a different view regarding the interpretation of the consent decree. *Id*. at 343. The Sixth Circuit also found the motion to intervene timely. *Id*. at 341.

"[E]stablishing a substantial legal interest is necessarily fact-specific.'" *Granholm*, 501 F.3d at 780 (internal quotation marks and citation omitted). The facts regarding the proposed intervenors in *Jansen* are very different from McCready's proposed intervention. The proposed intervenors in *Jansen* had a direct interest in the

interpretation of the consent decree and continuing affirmative action thereunder. Unlike the intervenors in *Jansen*, McCready has no such significant legal interest in the *subject matter* of this case. McCready does not seek to intervene regarding the effect, if any, of the errors at issue on the fairness or validity of the February 2015 test, or eligibility list resulting therefrom, with respect any disparate impact based on age or race. Rather, McCready claims that, as a consequence of the errors, the test was unfair because he believes that his test scores do not reflect his actual abilities. This interest is unrelated to the subject matter of this case, and weighs against intervention. *Id.* at 779.

### 2. Intervention untimely

"The question of timeliness is considered with regard to five factors: (1) the point to which the suit has progressed; (2) the purpose for which the intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure . . . to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Jordan v. Mich. Conference of Teamsters Welfare Fund,* 207 F.3d 854, 862 (6th Cir. 2000) (citation omitted). No one factor is dispositive, and whether a motion is timely must be considered "in the context of all relevant circumstances." *Jansen*, 904 F.2d at 340 (citation omitted). "If untimely, intervention must be denied." *Stotts v. Memphis Fire Dept*., 679 F.2d 579, 582 (6th Cir. 1982) (citation omitted).

McCready contends that his motion is timely because he filed it shortly after the eligibility list was published in May 2015. But the motion filing date is not the only consideration with respect to timeliness. The point to which the suit has progressed is also a consideration. *Amer. Nat. Property and Cas. Co. v. Stutte*, 298 F.R.D. 376, 380 (E.D. Tenn. 2014) (citations omitted). "[T]he purpose of the timeliness inquiry is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *United States v. BASF–Inmont Corp.,* No. 93–1807, 1995 WL 234648, at *2 (6th Cir. Apr. 18, 1995) (internal quotation marks and citation omitted).

This case has been pending for over nine years with multiple appeals to the Sixth Circuit. All liability issues have been resolved, and the case was recently remanded from the Sixth Circuit on the narrow issues of determining back pay, interest, and attorney fees and costs. *See Howe,* 801 F.3d at 724. Since remand, the parties have reached a settlement on the issues of back pay and pre-judgment interest—only attorney fees and costs remain to be resolved.

McCready seeks to intervene with respect to an issue that is, at best, collateral to the subject matter of this case. Any further delay in the final resolution of this case would be unfairly prejudicial to the parties. *See Bradley v. Milliken*, 828 F.2d 1186, 1194 (6th Cir. 1987) (denying motion for permissive intervention, in part, due to "advanced age" of case and possible adverse effect of further delay and prejudice to the parties) (citations omitted).

Moreover, McCready does not dispute that the Court appointed monitor was aware of the errors, and reviewed and approved of the corrective measures implemented to address those errors (Reply to Def. at 19062-63), or that a protest period and process was available with respect to the written portion of the February 2015 test (Doc No. 787-1). McCready's dissatisfaction with those corrective measures is insufficient to warrant intervention in the final stages of this hoary case.

For all of these reasons, the Court concludes that McCready lacks a substantial interest in the subject matter of this case and that his motion to intervene is untimely. All four factors of the Sixth Circuit test for intervention as of right must be satisfied in order for McCready's motion to be granted. As the Court has determined that McCready has failed to establish two of the four factors, the Court need not address the remaining factors.

### III. CONCLUSION

For all of the foregoing reasons, Jeffrey McCready's motion to intervene is denied.

**IT IS SO ORDERED**.


Dated: December 7, 2015                    _____
                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**