# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, et al., | ) | CASE NO. 5:06-cv-2779 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CITY OF AKRON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiffs for entry of judgment on back pay, or, in the alternative, to alter and amend the judgment. (Doc. No. 819.) Defendant opposes the motion and has filed a motion to strike plaintiffs' motion. (Doc. No. 821.) Plaintiffs oppose the motion to strike and have filed a reply in support of their motion. (Doc. No. 823.) Defendant has filed a reply in support of its motion to strike. (Doc. No. 825.) For all of the foregoing reasons, plaintiffs' motion (Doc. No. 819) is denied, and defendant's motion (Doc. No. 821) is denied as moot.

## I. BACKGROUND

The Court finds it necessary to briefly flesh out recent procedural events in order to provide the proper context for the pending motions. On December 1, 2015, the Court held a settlement conference wherein the parties reached an agreement as to the issue of back pay and

prejudgment interest.[1] The terms of the settlement were placed on the record. With respect to the two resolved terms, plaintiffs' counsel represented:

> Your honor, after negotiations, we have agreed on an amount of back pay at the amount of $900,000 to be paid by the City of Akron. That $900,000 will be subject to allocation that will be presented back to Akron by the plaintiffs I believe by close of business on Tuesday.
>
> \*\*\*
> Also, that we have an agreement on the amount of prejudgment interest that will be paid on the back pay, and that will be $140,000.[2] And that will also be subject to allocation.
>
> The timing of that is not as urgent as the back pay amounts because the back pay amounts because they back pay amounts, it's my understanding, will have to go to OP&F for their review as a part of any settlement.

(Doc. No. 814 (Settlement Hearing Transcript ["Tr."]) at 19359-60.) Plaintiffs' counsel indicated at that time that the parties were unable to reach a final agreement as to the outstanding issue of attorneys' fees. (*Id*. at 19361.)

Following plaintiffs' counsel's recitation of the terms, defendant's counsel added that defendant intended to obtain a single judgment bond to satisfy the entire judgment, and that this would require the approval of city council. Counsel further represented that:

> And since we still have issues pending relative to this matter before the Court

---

[1] On September 17, 2015, the Sixth Circuit issued a decision reversing the award of back pay and remanding the matter for further proceedings before a different judicial officer. *Howe v. City of Akron*, 801 F.3d 718, 757-58 (6th Cir. 2015). The matter was reassigned to the undersigned on October 9, 2015. In a telephonic status conference on October 14, 1015, the parties agreed to participate in a settlement conference with an aim toward reaching a "global resolution[.]" (Oct. 14, 2015 Minute Order.)

[2] In addition to counsel's clear representation on the record that the parties had agreed to no accrual of interest on back pay, the parties' working template Settlement Agreement also reflects that, with respect to the back pay payments, "no interest shall accrue on these payments." (Doc. No. 803 at 19139.) The filing of the template setting forth the parties' agreed terms was meant to avoid the very type of dispute which the plaintiffs are now unnecessarily bringing before this Court.

> concerning attorneys' fees and costs, the understanding between the parties is that this cannot be – you know, this matter on a timetable cannot be solidified until that issue is resolved so that it can be presented all at one time to city council.

(Tr. at 19362.) Before concluding the hearing, the Court observed:

> So the only issue now remaining after today is the issue of attorneys' fees and costs. And that is something the Court will work very diligently with counsel to resolve. I had hoped to do that today. But obviously we have taken the whole day to resolve the issue relative to back pay and prejudgment interest.
>
> So we will return on the 8th to hopefully resolve that last piece so that in turn the matter can be presented to [council] by the 14th and [council] can take whatever action [council]l needs to take relative to the settlement. And it's relative to a bond issue, as you understand.
>
> If there is any delay in resolution of the attorneys' fees and cost issue, that will impact the payment schedule for the back pay and the prejudgment interest.

(*Id*. at 19374-75.)

The parties returned on December 8, 2015, but were unable to reach a final agreement as to attorneys' fees and costs. When subsequent discussions did not yield a final resolution of the issue, the parties advised the Court that they were at an impasse. The Court then permitted the parties to file additional briefing to bring the fee petitions up to date.

On February 12, 2016, the Court issued its generic settlement order administratively closing the case. (Doc. No. 816.) The Order indicated that the parties had reached a settlement, and provided for the execution and/or filing of any releases, agreements, and judgment entries. It also specifically noted that the issue of attorneys' fees remained, and further provided that the Court would be issuing a ruling on this final issue in due course. (*Id*.)

On March 9, 2016, plaintiffs' filed the present motion under Rule 59(e) of the Federal Rules of Civil Procedure. The following day (March 10, 2016), the Court issued its decision resolving plaintiffs' various fee petitions.(Doc. No. 820.) On April 11, 2016, plaintiffs filed a

notice of appeal with the Sixth Circuit seeking review of the Court's award of attorneys' fees and costs. (Doc. No. 824.) The Sixth Circuit has advised that it is holding plaintiffs' appeal in abeyance until this Court resolves the pending motions. (Doc. No. 826.)

## II. DISCUSSION

Pursuant to Rule 59(e), plaintiffs now request that the Court amend its February 12, 2016 Order closing the case by either entering judgment on back pay or, in the alternative, providing for the accrual of interest. In support of this request, plaintiffs suggest that the back pay and prejudgment interest could go unpaid for an extended period of time—"possibly years." (Doc. No. 819 at 19387.) Notwithstanding the fact that plaintiffs clearly agreed that no interest would accrue on back pay, plaintiffs now suggest that the entry of a judgment on back pay or the accrual of interest would allow "the parties to complete their agreement or maintain the status quo pending a final order by this Court on all pending matters." (*Id*. at 19390.) Plaintiffs are simply not entitled to the relief they seek.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). By its express terms, such a motion requires a judgment. *See CGH Transport, Inc. v. Quebecor World, Inc*., 261 F. App'x 817, 823 n.10 (6th Cir. 2008) ("Rule 59(e) . . . applies to judgments and final orders[.]"). The February 12, 2016 order administratively closing the case was not a final order or judgment. *See Feltner v. Lamar Adver. of Tenn., Inc. & Travelers Co*., 200 F. App'x 419, 422 (6th Cir. 2006) ("The decision to administratively close the case was simply not a final judgment against Plaintiff."); *accord Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 295 (4th Cir. 2008) ("an otherwise non-final order does not become final because the district court administratively closed the case

after issuing the order").

As is the Court's practice when parties advise the Court that a settlement in principle has been reached, the Court administratively closed the case to take it off the active docket and to terminate any pending deadlines. Under 28 U.S.C. § 1291, a final, appealable judgment is entered when "there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-74, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981) (quotation marks and citations omitted). The Court's Order clearly did not satisfy this prerequisite as it specifically acknowledges that the issue of attorneys' fees remained.[3] Indeed, plaintiffs acknowledge this shortcoming by requesting that the Court enter final judgment on the issue of back pay.

Even if plaintiffs could point to a final judgment, however, their motion would still fall outside the bounds of Rule 59(e). A party's right to recover under Rule 59(e) is limited the following circumstances: (1) the existence of a clear error of law; (2) the discovery of new evidence; (3) an intervening change in controlling law; or (4) the need to avoid manifest injustice. *See Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). The first three conditions are factually inapplicable, and plaintiffs offer no argument as to their existence.

As to the last, "manifest justice," plaintiffs merely cite the fact that they now desire either an immediate award of back pay or continuing interest until final judgment. Yet the "manifest injustice" catchall provision of Rule 59(e) was not meant to allow the Court to revisit the terms

---

[3] Contemporaneously with the filing of this Memorandum Opinion, the Court has issued an Order clarifying and updating its prior closure Order to reflect the Court's intention to dismiss the back pay and prejudgment interest claims, and to reflect the fact that the Court has now resolved the issue of attorneys' fees and costs.

5

of an agreed-to settlement because a litigant has had a change of heart. *See GenCorp*, 178 F.3d at 834 ("manifest injustice" is not meant to allow a disappointed litigant to "correct what has—in hindsight—turned out to be a poor strategic decision") (citation omitted). "Instead, whether manifest injustice would result from denying a Rule 59(e) motion is, by definition, a fact-specific analysis that falls squarely within the discretionary authority of the Court. In exercising this discretion, the Court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010) (citing *GenCorp.*, 178 F.3d at 834).

Here, this matter is proceeding in accordance with the parties' settlement as contemplated by them and the Court. While the parties and the Court shared the hope that an agreement would be reached as to attorneys' fees and costs, all involved understood that, if agreement was not reached, additional time would be needed for the Court to resolve the issue. The parties also understood that, due to the great expense involved, the City intended to seek only one bond to cover its total liability in this matter, and that a failure to settle the issue of attorneys' fees and costs would result in a delay in obtaining the bond and hence a delay in payment of the backpay (and prejudgment interest thereon) and attorneys' fees and costs.

The Court has now issued its ruling on fees and costs,[4] and the City is in full compliance with its obligation under the settlement to seek a bond. The City has represented that, on April 4,

---

[4] While the Court issued its ruling as expeditiously as possible, it noted in its decision that it "had to expend an extraordinary amount of time sifting through and trying to piece to together the plaintiffs' disorganized, poorly summarized, and insufficiently document requests for fees and costs." (Doc. No. 820 at 19452, n.6.) Thus, any perceived delays have been the result of plaintiffs' disjointed approach to seeking fees and their disorganized supporting documentation.

6

2016, it presented legislation to city council to obtain a judgment bond, and city council entered its approval on April 11, 2016. (Doc. No. 825 at 19552.) The fact that plaintiffs would like the agreed-to process to take less time falls woefully short of establishing manifest injustice.

Plaintiffs also cite the Court's inherent power to enforce settlements as a basis for granting their motion. (Doc. No. 819 at 19389, citing, among authority, *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973).) Yet, plaintiffs are not requesting the Court's assistance in enforcing settlement terms; rather, they are seeking to alter or amend the parties' agreed-to terms. *See generally RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 650 (6th Cir. 2001) ("Summary enforcement of a settlement agreement for which there is no dispute as to the terms of the agreement is the only appropriate judicial response, absent proof of fraud or duress.") (citations omitted). If plaintiffs had desired that prejudgment interest continue to accrue on the back pay, they could have negotiated for that provision. Instead, the parties agreed to a set amount of prejudgment interest and back pay, recognizing that payment these amounts may be delayed if no mutually acceptable resolution of attorneys' fees could be reached. The fact that plaintiffs now have had a change of heart with that arrangement certainly does not provide the Court with a sufficient basis upon which the Court would be inclined to relieve plaintiffs of the bargain they struck.

### III. CONCLUSION

For all of the foregoing reasons, plaintiffs' motion for entry of judgment, or, in the alternative, to alter or amend judgment, is denied. Defendant's motion to strike is denied as moot.

All that remains is for the parties to execute the stipulated releases based on the

7

settlement, which presumably has been delayed by plaintiffs' recent appeal, and the completion of the last cycle of examinations. Although the Court had intended to issue its final judgment entry after all claims in the case were finally resolved, because it appears that the plaintiffs seek to appeal the Court's findings on attorneys' fees and costs, the Court shall enter final judgment on those issues.

    **IT IS SO ORDERED**.


Dated: April 26, 2016

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**