UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOWE, et al., | ) | CASE NO. 5:06-cv-2779 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CITY OF AKRON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On September 17, 2015, the Sixth Circuit Court of Appeals issued a decision reversing the award of back pay and remanding for further proceedings before a different judicial officer. *Howe v. City of Akron*, 801 F.3d 718, 757-58 (6th Cir. 2015). Following reassignment to the undersigned, the parties participated in a court-supervised mediation on December 1, 2015 and, at the conclusion of the mediation, the parties announced that they had reached a settlement as to plaintiffs' damages and interest owed. When subsequent informal discussions did not produce a resolution of the issue of plaintiffs' attorneys' fees and costs, these remaining matters were submitted to the Court for its consideration.

On March 10, 2016, the Court entered its decision on fees and costs, awarding plaintiffs $984,502.50 in attorneys' fees and $89,635.69 in costs. (Doc. No. 820 at 19497.) In arriving at this award, the Court considered all relevant matters in the voluminous record before it, including exhibits and hearing transcripts, in addition to the parties' extensive briefing on the matter. (*See, e.g.,* Doc. Nos. 615, 635, 637, 668, 680, 681, 806, 810.) Ultimately, the Court concluded that the award represented an amount that fairly and reasonably compensated

plaintiffs and recognized the success counsel achieved for their clients, while ensuring that the award was not excessive. (*Id*. at 19485.)

On April 11, 2016, plaintiffs filed a notice of appeal from "the trial court's Order awarding attorney fees and costs to Plaintiffs . . . ." (Doc. No. 824 at 19548.) Plaintiffs' appeal remains pending with the Sixth Circuit Court of Appeals. Now before the Court is plaintiffs' motion to supplement the record on appeal with un-redacted copies of attorney billing statements prepared by counsel for defendant, the City of Akron. (Doc. No. 835.) Defendant opposes the motion (Doc. No. 836), and plaintiffs have filed a reply. (Doc. No. 837.) For the reasons set forth below, plaintiffs' motion is denied.

### I. Background Pertinent to Plaintiffs' Motion

The lengthy procedural history of this civil rights case, filed November 16, 2006, has been set forth in numerous opinions and orders over the course of its 10-year history, and will not be repeated herein. Rather, the Court will only focus on the procedural events relevant to plaintiffs' motion to supplement. On September 24, 2014, while the matter was still pending before Judge John R. Adams, the Court directed defendant to produce to plaintiffs its attorneys' fee records. (Doc. No. 705.) On September 26, 2014, defendant sought clarification from the Court, inquiring as to whether the billing statements it was to produce could be redacted to remove attorney-client and work product matters. (Doc. No. 713.) In a marginal order dated September 29, 2014, the Court granted the motion for clarification and indicated that defendant could produce redacted statements, but that it should also submit to the Court un-redacted versions of these documents. (Doc. No. 714.)

On October 1, 2014, plaintiff filed a notice of filing defendant's redacted statements on the docket. (Doc. No. 724; *see* Doc. Nos. 724-1 and 724-2.) The following day (October 2,

2

2014), the Court commenced a two-day hearing on plaintiffs' fee petitions. At the hearing, defense counsel noted that she had produced redacted versions of her client's billing statements to plaintiffs and had submitted un-redacted versions of these documents to the Court. (Doc. No. 732 (Transcript of 10-2-14 Hearing ["Hearing TR"]) at 18339.) While plaintiffs' counsel complained that defendant's alleged extensive redactions should preclude Akron from challenging plaintiffs' block billing practices, plaintiffs did not request at the hearing that Judge Adams make the un-redacted billing statements part of the record. (*Id*. at 18338.)

Plaintiffs repeated the argument that defendant's "heavily redacted" billing sheets should preclude Akron from challenging plaintiffs' counsel's billing statements in their second supplemental petition. (*See* Doc. No. 806 at 19161.) Plaintiffs cited no case authority in support of their position that defendant's use of block-billing precluded it from challenging plaintiffs' counsel's billing practices. Instead, plaintiffs relied exclusively on the redacted billing sheets produced by defense counsel, making specific reference to those record documents. (*See Id*.) Notably, plaintiffs did not ask that the Court make the un-redacted billing sheets part of the record. In fact, the present motion represents the first time that plaintiffs have requested that defendant's un-redacted billing statements be made a part of the record.[1]

**II. Law and Discussion**

Plaintiffs' request to supplement the record on appeal is governed by Rule 10 of the Federal Rules of Appellate Procedure. The contours of Rule 10 were succinctly set forth in a decision by a jurist from the Southern District of Ohio. Specifically, the district court observed:

"Normally, the record on appeal consists of 'the original papers and exhibits filed

---

[1] In their reply, plaintiffs indicate that they never intended to make defendant's billing statements a part of the record, or available to plaintiffs or the public, out of deference to defendant's concern that the documents contained privileged information. (Doc. No. 837 at 19594.)

3

in the district court,' 'the transcript of proceedings, if any' and 'a certified copy of the docket entries prepared by the district clerk.'" Fed. R. App. P. 10(a). "However, 'if anything material to either party is omitted from or misstated in the record by error or accident,' the rule allows 'the omission or misstatement [to] be corrected and a supplemental record [to] be certified and forwarded.' " *Inland Bulk Transfer Co. v. Cummins Engine Co.,* 332 F.3d 1007, 1012 (6th Cir.2003) (quoting Fed. R. App. P. 10(e)(2)). "Rule 10(e) allows correction of the record either by agreement of the parties, by order of the district court, or by order of the court of appeals." *Id.* (citing Fed. R. App. P. 10(e)(2)). It "is clear from the rule's wording, '[t]he purpose of the rule is to allow the [ ] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.' " *Id.* (quoting *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.,* 678 F.2d 636, 641 (6th Cir.1982)). " 'In general, the appellate court should have before it the record and facts considered by the District Court.' " *Id.* (quoting *United States v. Barrow,* 118 F.3d 482, 487 (6th Cir.1997)).

*Zwerin v. 533 Short N. LLC*, 15 F. Supp. 3d 769, 772 (S.D. Ohio 2014).

In their motion to supplement, plaintiffs offer no explanation as to why these documents were material to this Court's determination of the reasonableness of plaintiffs' fee requests, or how they are material now to plaintiffs' appeal.[2] The only argument plaintiffs ever made before this Court regarding defendant's billing statements related to plaintiffs' belief that defense counsel's practice of block-billing precluded defendant from challenging plaintiffs' counsel's similar practice.[3] This argument, and the redacted billing statements upon which it was premised, is already part of the record. Any new argument relating to the un-redacted documents cannot be raised for the first time on appeal and is waived. *See Sorrell v. Comm'r of Soc. Sec.*, No. 15-

---

[2] Plaintiffs have also failed to identify any part of the record that is misstated or erroneous. *See* Fed. R. App. P. 10(e)(2).

[3] It is the opinion of the Court that it is irrelevant whether defense counsel may have blocked billed, because defendant is not seeking fees in this case. Plaintiffs are seeking fees, and their experienced counsel should know that it is incumbent upon plaintiffs and their counsel to present billing statements with detail and specificity so that the Court may award an appropriate fee. If the defendant were seeking fees, the defendant would have the same obligation.

4213, 2016 WL 4245467 (6th Cir. Aug. 11, 2015 2016) (citations omitted); *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002).

Additionally, the Court represents that it considered all of the arguments raised by the parties in the various briefs relative to fees and costs—as well as all of the transcripts, affidavits, and exhibits of record offered in support of those arguments—including plaintiffs' argument relative to defendant's redacted billing statements in reaching its decision on fees and costs. The un-redacted billing statements of defense counsel were not material to, and did not factor into, the Court's award to plaintiffs. Therefore, plaintiff's motion to supplement is denied. *See, e.g., Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 676 (6th Cir. 2013) (motion to supplement record on appeal to include missing affidavit under Rule 10(e) denied where district court did not rely on the affidavit). Should the Sixth Circuit subsequently determine that these records are material to plaintiffs' appeal, it can direct defendant to submit them.

**IT IS SO ORDERED**.

Dated: December 15, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**